526 A.2d 1250

Borough of Dunmore, Appellant *v.* Dunmore Police Department and Dunmore Police Association, Appellees.

Argued September 8, 1986, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Lawrence A. Durkin, Tellie, Durkin, Weinberger, Murphy & Piazza, P.C.,* for appellant.

*Robert H. Sayers,* for appellees.

OPINION BY JUDGE PALLADINO, June 5, 1987:

This is an appeal by the Borough of Dunmore (Dunmore) from an Order of the Court of Common Pleas of Lackawanna County (trial court) confirming that portion of an arbitration award directing reinstatement of the police work schedule in effect prior to June 1, 1980 and resubmitting the damages portion of the award to the arbitrator for clarification and the award of interest. For the reasons which follow, we affirm in part and reverse in part.

In spring of 1980, the Mayor of Dunmore introduced new work schedules for the police department which became effective June 1, 1980. On June 2, 1980, the Dunmore Police Department and the Dunmore Police Association (Appellees) filed an unfair labor practice charge with the Pennsylvania Labor Relations Board alleging a violation of Article IX of the 1977 Collective Bargaining Agreement between the parties which stat-

ed: "The work week shall remain as presently scheduled." At a pre-hearing conference before a hearing examiner, the parties entered into a stipulation which provided for dismissal of the unfair labor practice charge and selection of an arbitrator from the American Arbitration Association to hear the controversy. The stipulation provided in part: "1. the pending grievance filed by the Dunmore Police Association concerning scheduling changes made by the Borough of Dunmore on June 1, 1980, shall be immediately submitted to arbitration under the provisions [of the] Collective Bargaining Agreement in effect between the parties."[1]

The grievance hearing was held on November 24, 1980 and the decision and arbitration award was issued on December 23, 1980. The Arbitration Award held that Dunmore violated the Collective Bargaining Agreement by unilaterally modifying the work schedule and ordered: 1. that the work schedule in effect prior to June 1, 1980 be reinstated, and 2. provided for compensation at straight time rates for any additional days worked between June and December of 1980 as a result of the new schedule.

Dunmore timely appealed the arbitration award to the trial court which, on March 17, 1982, dismissed the appeal. This court affirmed the trial court's decision on November 2, 1983 and, on May 11, 1984, the Supreme Court of Pennsylvania denied allocatur.

---

[1] The 1977 Collective Bargaining Agreement expired on December 31, 1979. The successor agreement, covering the period from January 1, 1980 to December 31, 1982, was approved by bargaining representatives for both parties in July of 1980 but was not signed by the Police until July of 1981. The successor agreement relates back to January 1, 1980, and made no change in the arbitration provisions. Because of the stipulation, we will consider the 1977 agreement as in effect during the relevant times hereto.

Thereafter, Appellees filed a Petition to Enforce and Confirm the Arbitration Award pursuant to the provisions of the Uniform Arbitration Act (1980 Act), 42 Pa. C. S. §7313. On April 30, 1985, the trial court confirmed and enforced that portion of the arbitration award which directs the reinstatement of Appellees' work schedule in effect prior to June 1, 1980. The trial court further ordered the damage award to be resubmitted to the arbitrator for clarification. The instant appeal followed.

Dunmore asserts that it was error for the trial court to grant Appellees' Petition to Confirm and Enforce because the arbitration was at common law, which would require an action in assumpsit rather than a petition in order to confirm the award. For the reasons which follow, we need not address this argument.

Dunmore appealed the arbitration award to the trial court, the Commonwealth Court and the Supreme Court, without raising the issue of whether the arbitration was statutory or at common law. Further, Dunmore raised the following as grounds for appeal: (a) the arbitrator exceeded his power and the award is beyond the scope of authority vested in him; (b) the arbitrator made material miscalculations and mistakes; and (c) the award is contrary to law. These are statutory grounds for vacating and/or modifying or correcting the award. *See* 42 Pa. C. S. §§7314 and 7315.

At common law an arbitration award is binding and can be disturbed only if it was clearly shown that the party bringing the appeal was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award. *See Great American Insurance Co. v. American Arbitration Association*, 436 Pa. 370, 260 A.2d 769 (1970). By utilizing the statutory standards, Dunmore has acknowledged its agreement to be bound by the statutory provisions and is estopped from assert-

ing that the subject arbitration was at common law. A party may not invoke the procedures and protections of a statute when it meets that party's needs and disavow the applicability of that same statute when it is invoked by their opponent.

Dunmore next asserts that if we apply the statutory arbitration provisions we must use the Arbitration Act of 1927, Act of April 25, 1927, P. L. 381, *formerly* 5 P. S. §§161-179 repealed by the Act of October 5, 1980, P. L. 693, rather than the Uniform Arbitration Act (1980 Act), 42 Pa. C. S. §§7301-7320. However, Dunmore did not raise this issue before the trial court nor in any previous proceeding. Therefore, pursuant to Rule 302 of the Pennsylvania Rules of Appellate Procedure, this argument is deemed to be waived.[2]

Dunmore next asserts that it was error for the trial court to have resubmitted the damages portion of the Arbitration Award to the arbitrator for clarification because the Appellees did not file a petition for modification or correction.[3] The trial court concluded that the portion of the award relating to liability was clear and definite and, as such, was entitled to confirmation. However, the trial court concluded that the damages were unliquidated and incapable of enforcement, and resubmitted the award to the arbitrator for clarification. The 1980 Act specifically provides for submission to the arbitrators *by the reviewing court for the purpose of clarifying the award.*[4] 42 Pa. C. S. §7311. Any argument to the contrary by Dunmore is without merit.

---

[2] Pa. R. A. P. 302 states: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."

[3] *See* 42 Pa. C. S. §7315.

[4] Section 7311 states, in pertinent part: "(a) General rule.— . . . on submission to the arbitrators by the court under such conditions as the court may order . . . , the arbitrators may modify or correct the award upon the grounds stated in section 7315(a)(1) and (2), or for the purpose of clarifying the award."

Finally, Dunmore asserts that it was error for the trial court to remand to the arbitrator for the consideration of an award of interest. Further, Dunmore asserts that "the award was clear and unambiguous and that [the arbitrator's] failure to originally award interest precludes the court from remanding the matter to the arbitrator for an award of interest."

Section 7316 of the 1980 Act provides for the entry of a judgment or decree upon the granting of a petition to confirm, modify or correct. 42 Pa. C. S. §7316. "[A] judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award." 42 Pa. C. S. §8101. Therefore, the imposition of interest from the date of confirmation would be proper. However, an award of interest on the unliquidated damages would be improper.

Accordingly, we affirm in part and reverse in part.

## ORDER

AND NOW, June 5, 1987, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is reversed insofar as it remands the matter to the arbitrator for the computation of interest. In all other respects, the order is affirmed.