**Rodney McINTOSH**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued March 31, 1993.

Filed May 18, 1993.

Patrick W. Murphy, Pittsburgh, for appellant.

Susan E. Mahood, Pittsburgh, for appellee.

Before McEWEN, CIRILLO and FORD ELLIOTT, JJ.

CIRILLO, Judge:

This is an appeal from the judgment entered in the Court of Common Pleas of Allegheny County following the confirmation of a statutory arbitration award against Appellant State Farm Fire and Casualty Company (State Farm). We vacate and remand.

The instant matter arises out of a dispute between State Farm and its insured Rodney McIntosh (McIntosh) concerning underinsured benefits as provided for in the policy of insurance. Pursuant to the terms of the policy, the parties submitted their dispute to arbitration under the Pennsylvania Uniform Arbitration Act, 42 Pa.C.S.A. § 7301 *et seq.* (the Act). Prior to the arbitration hearing, and with State Farm's permission, McIntosh received the full amount of the tortfeasor's liability insurance in the amount of $25,000.00. Both parties agreed that McIntosh's remaining claim was valued over $25,000.00, but disputed the exact amount.

The hearing took place on April 21, 1992. On the same day an award was entered in favor of McIntosh in the amount of $25,000.00. State Farm's counsel apparently became alarmed after receiving notice of the award and then recalled that neither party had informed the panel whether McIntosh's claim was for underinsured or uninsured motorist benefits. State Farm alleges on the following day its counsel contacted the panel members to determine whether an error had been made by the arbitrators in rendering the award. After con-

tacting two of the panel members, State Farm's counsel was allegedly informed that the panel purposefully remained ignorant as to what type of claim was involved and that McIntosh's arbitrator pressured them into awarding such a high figure. State Farm also alleges that its counsel was informed that the panel had intended that the award represent the "full value" of McIntosh's damages. McIntosh disputes the validity of these allegations and contends that the award was properly confirmed as State Farm was dilatory in filing the proper petitions.

On April 23, 1992 State Farm's counsel wrote a letter to McIntosh's counsel which related the substance of the above conversations with the arbitrators. On April 27, 1992 McIntosh's counsel responded by letter that the award "on its face" indicated an award for McIntosh in the amount $25,000.00 and that if State Farm's counsel believed that the award was entered in error that an appropriate petition should be filed. State Farm's counsel then responded by letter stating: that due to the fact that the award was intended to represent the "full value" of damages, McIntosh was not entitled to any amount other than the amount already received from the tortfeasor; that State Farm was not sending a check; that State Farm refused to partake in any further litigation and specifically that State Farm had "no intention at this time of presenting any 'Petition' to any court." On June 5, 1992, following the expiration of the thirty day period for correcting, modifying or vacating the award, McIntosh's counsel filed a petition to confirm the award. 42 Pa.C.S.A. § 7313. Section 7313 provides:

> On application of a party, the court shall confirm an award, unless within the time limits imposed by this subchapter, grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in section 7314 (relating to vacating award by court) or section 7315 (relating to modification or correction of award by court).

42 Pa.C.S.A. § 7313. State Farm filed a response to the petition and argued that due to the alleged error by the

arbitration panel McIntosh should be awarded nothing on his underinsurance claim or, in the alternative, that the court resubmit the matter back to the panel for the sole purpose of clarifying the award. 42 Pa.C.S.A. § 7311. Following oral argument on the petition, the trial court confirmed the award and entered judgment in favor of McIntosh. State Farm now appeals from that judgment and raises the following issue:

> Whether the trial court erred in not seeking clarification of the award pursuant to section 7311(a) of the Act?

Section 7311 of the Act, in relevant part, provides the following:

> **(a) General rule.**—On application of a party to the arbitrators, or *on submission to the arbitrators by the court under such conditions as the court may order if an application to the court is pending under section 7313* (relating to confirmation of award by court) . . . the arbitrators may modify or correct the award . . . for the purpose of clarifying the award.
>
> **(b) Time limitation.**—An application to the arbitrators under subsection (a) shall be made within ten days after delivery of the award to the applicant.

42 Pa.C.S.A. §§ 7311(a), (b) (emphasis added).

McIntosh argues that State Farm's failure to file an application under section 7311(a) within the ten day requirement effectively precludes any reconsideration of the award by the panel. Further, he alleges that State Farm's failure to properly file a petition to vacate, correct or modify the award as provided in sections 7314 and 7315, within the thirty day time period, results in confirmation of the award by the trial court pursuant to section 7313. The trial court agreed and concluded that State Farm was precluded from contesting the confirmation of the award. The trial court states in its 1925(b) opinion as follows:

> Defendant, (State Farm) however, filed no petition with the arbitrators within ten days of the award to vacate, modify or clarify the award under . . . 7311. Nor did defendant file a petition with the Court within thirty days of the award to vacate, modify or correct the award under . . . 7314, 7315.

The award will be confirmed in the absence of [a] timely petition by defendant ... under 7313, 7314, 7315.

McIntosh argues that unless a petition to vacate, modify, or correct the award was filed within the thirty day time limit provided by sections 7314 and 7315, the trial court must confirm the award pursuant to section 7313, notwithstanding the provisions promulgated within section 7311. This interpretation of sections 7311 and 7313 is erroneous.

It has previously been held that the trial court, *while making a determination of a pending petition to enforce and confirm an arbitration award,* has the authority to resubmit an award pursuant to sections 7311 and 7313 for purposes of clarification, *even though no petition for modification or correction was filed. Dunmore Borough v. Dunmore Police Dept.,* 106 Pa.Commw. 461, 526 A.2d 1250 (1987), *appeal denied,* 518 Pa. 614, 540 A.2d 535 (1988). While State Farm acknowledges that it failed to file an application for clarification of the award within the ten day period allotted under section 7311 and that it further failed to file a petition to vacate, modify, or correct the award under sections 7314 and 7315, it is uncontroverted that section 7311 provides that the trial court *may* within its discretion, resubmit an award for clarification while the petition to confirm is *pending.*

Only by construing each section of a statute in light of, with reference to, or in connection with other sections, even if a particular statute or section makes no specific reference to the other, can this court get the exact conception of the section's aim, scope and objective. 1 Pa.C.S.A. §§ 1921(a), 1932; *Turner v. May Corp.,* 285 Pa.Super. 241, 427 A.2d 203 (1981). Following this rule of construction, we find that sections 7311 and 7313 are not irreconcilable. Section 7313 speaks to the duty of the parties at the time the petition to confirm is presented. Should any party fail to file the appropriate petition, the trial court shall confirm the award without further delay. However, section 7313 is silent as to a situation where the court, within *its discretion,* determines that the award in some way is unclear. If a decision is made by the court to resubmit the award, it results not from the action of

one of the parties by filing a petition, but through the discretion of the court itself when the award on its face is unclear. The presence of the language "may order" in section 7311 acknowledges the court's discretion.

Thus, it is not a question of whether the parties have taken affirmative action, but rather, whether the court in its discretion finds clarification of the award is required. Here, the trial court erroneously concluded that its duty to resubmit the award was directly dependent on an existing petition that had to be timely filed by one of the parties. As the trial court determined it was precluded from resubmitting the award absent affirmative action by a party, the court did not make a determination as to why it would or would not resubmit the award. Accordingly, we vacate the judgment and remand the matter back to the trial court for a determination as to whether or not, it would have resubmitted the award pursuant to section 7311.

Judgment is vacated and the matter remanded for proceedings consistent with this decision. Jurisdiction relinquished.