## Scheidly v. Travelers Insurance Company

C.P. of Delaware County, no. 94-12389.

*Stephen A. Durham,* for plaintiff.
*Andrew J. Reilly,* for defendant.

BATTLE, *J.,* July 3, 1996—Dolores Scheidly, the plaintiff in this action, is a married woman. Her husband, Joseph Scheidly, was injured in an automobile accident. At the time of the accident, the plaintiff and her husband maintained an automobile insurance policy with the defendant, Travelers Insurance Company. Mr. and Mrs. Scheidly filed a claim with Travelers Insurance Company for uninsured motorist benefits, since the driver of the vehicle involved in the accident with Mr. Scheidly was uninsured. Mr. Scheidly's claim was for personal injuries and Mrs. Scheidly's claim was for loss of consortium.

Pursuant to the Travelers Insurance policy, an arbitration was held on Mr. and Mrs. Scheidly's claims. The arbitrators issued an award dated March 17, 1994 in which there was an award in favor of the husband, Joseph Scheidly, and against Travelers Insurance Company in the sum of $325,000. The award did not mention Mrs. Scheidly's claim for loss of consortium. Parties have stipulated that Mrs. Scheidly did present testimony and supported her claim at the time of the arbitration hearing.

Pursuant to the arbitration award, the Travelers Insurance Company sent a release to Mr. Scheidly's attorney for his signature. Mr. Scheidly executed the release and a check was issued from Travelers Insurance Company to Mr. Scheidly and to his attorney in the amount of $325,000.

On July 25, 1994, Mrs. Scheidly sent correspondence to Travelers Insurance Company relative to her claim for loss of consortium. Thereafter, on September 19, 1994, the arbitration panel reconvened relative to Mrs. Scheidly's correspondence and claim for loss of consortium. An amended award was issued by the arbitrators which confirmed the March 17, 1994 award in the amount of $325,000 against Travelers Insurance Company. However, the amended award indicated that it was in favor of both Mr. Scheidly and Mrs. Scheidly and that the award covered all outstanding claims, including, but not limited to, the derivative claim of loss of consortium.

Dolores Scheidly then petitioned this court to vacate the amended award of the arbitrators dated September 19, 1994. This court, pursuant to an order of the Honorable Joseph P. Cronin Jr., issued an order dated April 11, 1995 directing that the arbitrators clarify the original award of March 17, 1994. As a result of the April 11, 1995 order, the arbitrators issued a clarification dated May 11, 1995. In the clarification, the arbitrators indicated that the original March 17, 1994 award in the amount of $325,000 was an award which considered all claims, including the claim of Mrs. Scheidly for loss of consortium and the award included Mrs. Scheidly's damages for the loss of consortium.

This court heard the petition of Mrs. Scheidly to vacate and/or strike the amended award of the arbitrators. This court also heard the petition of Travelers Insurance Company to confirm the arbitration award. An order was entered on March 25, 1996 in which Mrs. Scheidly's petition to vacate and/or strike was denied and Travelers Insurance Company's petition to

confirm the award was granted. Mrs. Scheidly has now appealed to the Superior Court of Pennsylvania.

(It should be noted that the clarification of the arbitrators' award had the wrong caption; it had "Joseph Scheidly and Joseph Scheidly vs. Travelers." The arbitrators corrected that mistake by sending a letter dated July 11, 1995 to Judge Cronin which indicated that the caption was incorrect and it should have read "Joseph Scheidly and Dolores Scheidly vs. Travelers Insurance Company.")

The Pennsylvania Superior Court, in the case of *McIntosh v. State Farm Fire and Casualty Company,* 425 Pa. Super. 311, 625 A.2d 63 (1993), dealt with a similar issue. In *McIntosh,* arbitrators issued an award of $25,000. The attorneys for the parties differed over whether the award should have been reduced by the amount received from the tort-feasor's liability insurance company. Following the expiration of the 30 day period for correcting, modifying, or vacating the arbitration award, the attorney for Mr. McIntosh filed a petition to confirm the award pursuant to 42 Pa.C.S. §7313. Counsel for the insurance company asked the court to resubmit the matter to the arbitration panel for the sole purpose of clarifying the award. However, the court refused to do so and judgment was entered in favor of Mr. McIntosh. The insurance company appealed from that judgment. The parties argued that, pursuant to 42 Pa.C.S. §7311(a) and (b), an application for clarification of the award must be made within 10 days after the delivery of the award to the applicant. Mr. McIntosh's counsel further argued that there were only 30 days for the insurance company attorney to file a petition with the court to vacate, modify, or correct

the arbitration award pursuant to 42 Pa.C.S. §§7314 and 7315. The Superior Court in *McIntosh* noted that trial court, when making a determination of a pending petition to enforce and confirm an arbitration award, has the authority to resubmit an award pursuant to sections 7311 and 7313 for purposes of clarification, even though no petition for modification or correction was filed. *McIntosh, supra* at 315, 625 A.2d at 65; citing *Dunmore Borough v. Dunmore Police Department,* 106 Pa. Commw. 461, 526 A.2d 1250 (1987), *appeal denied,* 518 Pa. 614, 540 A.2d 535 (1988). The *McIntosh* court further noted that "[S]ection 7313 is silent as to a situation where the court, within *its discretion,* determines that the award in some way is unclear. If a decision is made by the court to resubmit the award, it results not from the action of one of the parties by filing a petition, but through the discretion of the court itself when the award on its face is unclear. The presence of the language 'may order' in section 7311 acknowledges the court's discretion." *Id.* at 315-16, 625 A.2d at 65. (emphasis in original) Our Superior Court in *McIntosh* has interpreted the relevant statutory law as giving the court the authority to resubmit the matter to an arbitration panel for clarification. That is just what happened in the case at bar.

Upon clarification, the arbitrators have specifically indicated that Mrs. Scheidly's claim was considered in their award and that her claim was a part of their award. The clarification specifically indicates that Mrs. Scheidly's claim is part of the $325,000 award.

Mrs. Scheidly argues that pursuant to *Colonial Penn Insurance Company v. Omaha Indemnity Company,* 943 F.2d 327 (1991), that once an arbitration panel has

rendered its decision regarding the issues submitted it becomes functus officio and the arbitration panel lacks any power to re-examine that decision. This court does not find and does not believe that the arbitrators re-examined their decision. They merely clarified their decision after direction to do so by the court.

Mrs. Scheidly also argues that the arbitration panel did not have any authority to issue its amended award when no one had filed a petition with the arbitration panel in a timely manner nor had the court requested a clarification prior to the issuance of the amended award. This court finds that the amended award merely amounted to a clarification upon inquiry of one of the parties and was not in any way a change of the award. The arbitrators originally found against the insurance company in the amount of $325,000 upon the claims of Joseph Scheidly and Dolores Scheidly. The original award did not mention Mrs. Scheidly's name. When she inquired, the arbitrators indicated that the original award considered Mrs. Scheidly's claim and it was a part of it. Certainly, both claims were heard at the same time and Mrs. Scheidly's claim was based upon Mr. Scheidly's claim. Further, this court did not rely on the "amended award" in reaching its decision. The court directed that the arbitrators clarify their original award of March 17, 1994. This court's decision was based on the original award and the clarification; not on the amended award.

For all the foregoing reasons, this court denied Mrs. Scheidly's petition to vacate the amended arbitration award and granted Travelers Insurance Company's petition to confirm the arbitration award, as clarified.