## Louis J. Viglione Contracting Inc. v. F. F. Monroeville Associates

C.P. of Allegheny County, no. GD98-007450.

*Jeffrey T. Morris,* for petitioner.

*Andrew R. Duff,* for respondent F. F. Monroeville Associates.

*David M. Priselac,* for respondent Bridges PBT.

WETTICK, *J.,* January 12, 1999—The renewed petition of Louis J. Viglione Contracting Inc. to vacate or modify arbitration award pursuant to 42 Pa.C.S. §7341 is the subject of this opinion and order of court.

This petition arises out of common-law arbitration proceedings involving a construction project in which F. F. Monroeville Associates was the owner, Bridges PBT was the general contractor, and Viglione was the subcontractor. The construction project involved the erection of a grocery store and an adjoining parking lot. Viglione's work involved the parking lot. In the arbitration proceedings, (1) Monroeville and Bridges raised claims against each other that were based on a dispute over the quality of Bridges' work (including the work of Bridges' subcontractors) and (2) Bridges and Viglione raised claims against each other based on disputes over the quality of Viglione's work.[1]

Viglione and Bridges agree that two issues were to be resolved by the arbitration panel—the dispute between Monroeville and Bridges regarding payments that were due under the agreement between the owner and the general contractor and the dispute between Bridges and Viglione regarding payments that were due under the subcontract between the contractor and this subcontractor.

In March 1998, the arbitrators entered the following award:

---

1. In its brief, Viglione contends that Bridges' claim against Viglione is based solely on Monroeville's claim against Bridges for defective work. Bridges' brief appears to disagree with the characterization of the claim in this fashion.

"Award Of Arbitrators

"We, The Undersigned Arbitrators, having been designated in accordance with the arbitration agreement entered into by the above-named parties, and dated March 28, 1994, and having been duly sworn and having duly heard the proofs and allegations of the parties, hereby Award as follows:

"(1) With Respect To The Claim Of Bridges PBT against F. F. Monroeville Associates: F. F. Monroeville Associates shall pay to Bridges PBT the sum of $169,020.

"(2) Each party shall bear its own legal fees and costs.

"(3) The compensation of the arbitrators totaling $7,690.78 shall be borne equally by Bridges PBT and F. F. Monroeville Associates.

"(4) The administrative fees and expenses of the American Arbitration Association totaling $7,819.66 shall be borne equally by Bridges PBT and F. F. Monroeville Associates. Therefore, F. F. Monroeville Associates shall pay to the American Arbitration Association the sum of $889.65 for that portion of its share of administrative fees and expenses still due the association, F. F. Monroeville Associates shall pay to Bridges PBT the sum of $803.20 for that portion of its share of administrative fees and expenses previously advanced by Bridges PBT to the association. Louis J. Viglione Contracting Inc. shall pay to the American Arbitration Association the sum of $1,700 for that portion of its share of administrative fees and expenses (which includes the postponement fee and filing fee of Louis J. Viglione Contracting Inc.) still due the association.

"This award is in full settlement of all claims and offsets submitted to this arbitration as between claimant and respondent. No finding or award is rendered with respect to claims of or against Louis J. Viglione Contracting Inc."

Viglione filed a petition to vacate or modify the arbitration award on the ground that the arbitrators had failed to consider the claims between Bridges and Viglione. Bridges opposed the petition on the ground that the award should be construed as rejecting the claims of both Viglione and Bridges.

I concluded that it was not entirely clear from the face of the award whether the arbitrators had not considered the claims that Viglione and Bridges had raised against each other or whether they had rejected the claims of both parties. Consequently, through the following January 22, 1998 order, I resubmitted the arbitration award to the arbitrators for clarification:

"Order

"Upon consideration of petitioner's petition to vacate or modify the March 1998 arbitration award,

"it appearing that a court may resubmit an arbitration award to the arbitrators for clarification (*McIntosh v. State Farm Fire and Casualty Co.,* 425 Pa. Super. 311, 625 A.2d 63 (1993));

"it appearing that petitioner's petition to vacate is based on its contention that the arbitrators did not consider petitioner's claims against Bridges and Bridges' claims against petitioner;

"it appearing that the petition is based on paragraph 5 of the award of arbitrators states: 'No finding or award is rendered with respect to claims of or against Louis J. Viglione Contracting Inc.'; and

"it appearing that Bridges seeks dismissal of the petition to vacate on the ground that the arbitrators could not have decided this case without deciding these claims; thus, through paragraph 5 of the March 1998 award of arbitrators, the arbitrators were actually saying that after

considering the claims involving petitioner and Bridges, they decided to award Bridges nothing on its claim and to award petitioner nothing on its claim,

"It is hereby ordered that the arbitration award is resubmitted to the arbitrators for clarification."

In September 1998, the arbitrators rendered the following clarification of award of arbitrators:

"Clarification Of Award Of Arbitrators

"We, The Undersigned Arbitrators, having been designated in accordance with the arbitration agreement entered into by the above-named parties, and dated March 28, 1994, and having previously rendered an award, and pursuant to Judge Wettick's order dated July 22, 1998, do hereby Decide as follows:

"At the outset of the arbitration hearings, based on the representations of Bridges and Viglione through their respective counsel, the claims by and between Bridges and Viglione were to be agreed upon by the parties and/ or their counsel and the arbitrators were not to consider such claims.

"Subsequently, Bridges and Viglione through their respective counsel requested the arbitrators decide the claims by and between Bridges and Viglione. As a result the arbitrators requested information/evidence supporting such claims. No evidence supporting the claims was ever submitted/presented.

"There being no evidence to support the claims, no award is made to either Bridges or Viglione on their claims against each other."

On the basis of the clarification, I find that the arbitrators denied Bridges' claims against Viglione and Viglione's claims against Bridges.

In Viglione's renewed petition to vacate or modify, Viglione contends that the arbitrators had to determine

the adequacy of the work performed by Viglione under its contract with Bridges in order to decide the dispute between Bridges and F. F. Monroeville. Furthermore, the arbitrators had ample evidence upon which to make a ruling respecting the claims between Viglione and Bridges. Consequently, the award should be set aside on the ground that it is irregular, incomplete, unjust, and unconscionable.

The standard for vacating or modifying a common-law arbitration award is governed by 42 Pa.C.S. §7341 which reads as follows:

"The award of an arbitrator in a nonjudicial arbitration . . . is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award."

Under Pennsylvania law, an "other irregularity" may be found only when there is a defect in the process or procedure employed in the arbitration which rises to a level commensurate with fraud, misconduct, or corruption. A court is without authority to vacate an arbitration award on the ground that the arbitration award is clearly contrary to the evidence that a party submitted. *Duquesne Light Co. v. New Warwick Mining Co.,* 443 Pa. Super. 53, 64, 660 A.2d 1341, 1346-47 (1995).

In the present case, the arbitrators gave the parties a full hearing. Viglione's only objection is that the arbitration award is blatantly at odds with the evidence that the parties introduced and that the arbitrators considered.

A primary purpose of common-law arbitration is to reduce the time and expense involved in resolving disputes by utilizing a process that ends with the arbitration

award. Consequently, errors of the law or the failure of the arbitrators to render awards that have some relationship to the evidence that the parties introduced are not a basis for judicial intervention. See *Chervenak, Keane & Co. Inc. v. Hotel Rittenhouse Associates Inc.,* 328 Pa. Super. 357, 361, 477 A.2d 482, 485 (1984); *Crown Parking Corp. v. Gateway Towers Condominium Associates,* 142 P.L.J. 381 (1993), and cases cited therein.

For these reasons, I enter the following order of court:

## ORDER

On January 12, 1999, it is hereby ordered that the renewed petition of Louis J. Viglione Contracting Inc. to vacate or modify arbitration award pursuant to 42 Pa.C.S. §7341 is denied.