629 A.2d 954

**Jody Page HALL, Appellee,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued April 21, 1993.

Filed July 12, 1993.

Reargument Denied Sept. 16, 1993.

450

James D. Jordan, Scranton, for appellant.

Paul A. Barrett, Scranton, for appellee.

Before CIRILLO, KELLY and CERCONE, JJ.

KELLY, Judge:

In this case, we are called upon to determine whether the trial court erred in interpreting an arbitration award and in confirming the award. Because the trial court did not abuse its discretion or commit an error of law, we affirm its order confirming the arbitration award.

The facts and procedural history of this case may be summarized as follows. Appellee, Jody Page Hall, was a passenger in an automobile when it was involved in a one car accident. Both the automobile and the driver were uninsured. Appellee had an automobile insurance policy with appellant, Nationwide Insurance Company. This policy provided uninsured motorist coverage up to $25,000.00 and stated: "If agreement cannot be reached with regard to liability or amount of damages, the matter will be decided by arbitration." *See* Nationwide Insurance Policy at 11.

Appellee alleged personal injuries, and the parties submitted the case to common law arbitration and stipulated that appellee was fifty percent negligent in causing the accident.

On September 10, 1991, the arbitrators decided in appellee's favor in the amount of $75,000.00. *See* Arbitrators' Letter, September 10, 1991. Eight days later, the chairman of the panel arbitrators further explained the award as follows:

As a follow up to my letter regarding the Arbitrators' award in the above captioned, I would like to explain that we made our decision without regard to any policy limits or liability caps of any insurance policy. Also, the amount awarded, $75,000.00, is a gross award before the 50/50 split.

As always, please feel free to contact my office if you have any further questions or comments.

Arbitrators' Letter, September 18, 1991.

Appellant paid appellee $25,000.00, the uninsured motorist coverage limit. Neither party challenged the arbitrators' award, as explained by the arbitrators, within thirty days.

On February 13, 1992, appellee petitioned the Court of Common Pleas of Susquehanna County to confirm the arbitrators' award and to enter judgment in the amount of $12,500.00. Appellee alleged, and appellant admitted, that "the arbitrators made their decision and awarded the sum of $75,000.00 to [appellee] with the proviso that the said amount would be reduced by fifty percent as previously stipulated by the parties through their respective counsel." Petition to Confirm Arbitration Award and Enter Judgment, February 13, 1992, para. 6; Answer to Petition to Confirm Arbitration Award and Enter Judgment, March 17, 1992, para. 6.

In addition to filing an answer to the petition, appellant also filed a new matter. In the new matter, appellant alleged that appellee had not argued to the arbitrators that her uninsured motorist coverage was different than that which appeared on the declaration page of the policy. New Matter, March 17, 1992 at para. 14. Moreover, appellant alleged that "the panel was advised that [appellee's] UM coverage was $25,000." *Id.*[1] Appellant requested the court to dismiss appellee's petition.

1. In its brief, appellant states that it had requested that the allegations in its New Matter be determined at a hearing pursuant to Pa.R.Civ.P.

Observing that neither party had challenged the award within thirty days from the date of the award, the court granted appellee's petition. Appellant timely appealed.

Appellant presents the following questions for our review:

DID COMMON PLEAS' ENTRY OF JUDGMENT FOR $12,500 EXCEED THE PERMISSIBLE SCOPE OF REVIEW OF THE DECISION BY THE ARBITRATORS?

WAS HALL'S PETITION TIMELY SO THAT COMMON PLEAS [COURT] HAD JURISDICTION TO DISPOSE OF IT?

DID THE NATIONWIDE POLICY REQUIRE THAT THE QUESTION OF UNINSURED MOTORIST LIMITS BE SUBMITTED TO THE ARBITRATORS AND WITHOUT ANY EVIDENCE TO THE CONTRARY, DID HALL WAIVE HER RIGHT TO HAVE THE POLICY LIMITS REFORMED TO AN AMOUNT MORE THAN THE STATED LIMIT?

Appellant's Brief at 3.

█ Initially, we set forth our standard of review. Appellant does not ask us to review the arbitrators' award.[2] Instead, the thrust of appellant's argument is that the trial court exceeded its scope of authority by confirming the arbitrators' award and entering judgment in appellee's favor for $12,-500.00. Therefore, in determining whether the trial court exceeded its scope of authority, we will reverse only for an

209(b). Appellant's Brief at 7 n. 3. Appellant contends that the allegations should be deemed admitted. Our review of the record reveals no such motion by appellee. Therefore, for appellate purposes, none was made. See *Kilian v. Allegheny County Distributors*, 409 Pa. 344, 349, 185 A.2d 517, 519 (1962) (emphasizing importance of certifying facts of record). Even if we assume that the allegations in appellant's New Matter were established, our analysis and outcome would not be affected.

**2.** This case was submitted for common law arbitration, as opposed to statutory arbitration, because the insurance policy did not expressly state and the parties did not otherwise agree that the Pennsylvania Arbitration Act should apply. *Brennan v. General Accident Fire & Life Assur. Corp.*, 524 Pa. 542, 549, 574 A.2d 580, 583 (1990). The standard of reviewing a common law arbitration award is found at 42 Pa.C.S.A. § 7341.

abuse of discretion or error of law. *See Giant Markets v. Sigma Marketing Systems,* 313 Pa.Super. 115, 459 A.2d 765 (1983) (Superior Court concluded that trial court erred in exceeding scope over arbitration); *see also Savage v. Commercial Union Ins. Co.,* 326 Pa.Super. 204, 473 A.2d 1052 (1984) (Superior Court reversed due to trial court's error of law).

Appellant's three arguments rest upon one common premise: the September 18, 1991 letter from the arbitrators had only one reasonable meaning. Appellant proffers that the statement, "we made our decision without regard to any policy limits or liability caps of any insurance policy," can only mean that the arbitrators determined damages and expected a court to mold appellee's recovery according to the applicable insurance policy limit. Therefore, appellant contends that the trial court erred in molding the award in appellee's favor. We disagree with appellant's initial premise, and thus, with its three arguments.

■ "It is settled law in Pennsylvania that unless restricted by the submission, the arbitrators are the final judges of law and fact...." *Brennan v. General Accident Fire & Life Assur. Corp.,* 524 Pa. 542, 550, 574 A.2d 580, 583 (1990) (citations omitted). Therefore, in a common law arbitration involving uninsured motorist coverage, the arbitrators are vested with jurisdiction to decide those questions which are necessary to determine whether and to what extent the insured could recover under the policy. *Id.*

In the instant case, the arbitrators awarded appellee $75,-000.00 on September 10, 1991. On September 18, 1991, they informed the parties that the award was before the "50/50 split" to which the parties had agreed. Neither party challenged the arbitrators' award within thirty days.

In their supplemental letter, the arbitrators merely informed the parties that they disregarded the policy limits in reaching their award. The parties did not stipulate that appellee's recovery should be limited to the policy limits, but the arbitrators were aware of the policy's uninsured motorist coverage limit of $25,000.00.

■ The trial court interpreted the September 18, 1991 award letter to mean that the arbitrators awarded an amount greater than the policy limits. Such interpretation was reasonable and did not constitute an abuse of discretion.[3]

■ In a common law arbitration case, the parties have only thirty days to challenge the arbitrators' award. 42 Pa.C.S.A. § 7342(b). *See Beriker v. Permagrain Products, Inc.*, 347 Pa.Super. 102, 500 A.2d 178 (1985). *See also Elkins & Co. v. Suplee*, 371 Pa.Super. 570, 538 A.2d 883 (1988) (citing *Beriker, supra*).

[42 Pa.C.S.A. § 7342(b) provides] that any issues a party wishes to raise must be raised within thirty days of the date of the award, since after that time it is mandatory for the trial court to confirm an award upon application of either party. This is in keeping with the thirty day time period for appeals established by the legislature in other types of cases.

*Beriker, supra* at 105, 500 A.2d at 179.

■ Appellant failed to challenge the award within thirty days, as required by 42 Pa.C.S.A. § 7342(b). Its failure to do so allowed the trial court to confirm the award. 42 Pa.C.S.A. § 7342(b); *Beriker, supra; Suplee, supra*.[4] Likewise, because

---

3. Pursuant to the arbitrators' statement that the gross award was before the stipulated "50/50 split," and pursuant to the parties' reaffirmations of their stipulation that appellee was partially negligent, the trial court entered judgment such that appellee's total recovery was $37,500.00. Appellant does not take issue with the court's reduction of the award from $75,000.00 to $37,500.00. *See generally Prudential Property & Cas. Ins. Co. v. Falligan*, 335 Pa.Super. 195, 203 n. 4, 484 A.2d 88, 92 n. 4 (1984) (parties cannot contradict stipulation).

4. Appellant did not argue before the trial court, or on appeal, that the arbitrators' award was ambiguous and in need of clarification. Had appellant contended that the award itself was ambiguous, the court would have had the opportunity to determine whether to accept evidence regarding the arbitrators' intended award. *See Converse v. Colton*, 49 Pa. 346 (1865) (trial court should have allowed arbitrators to testify as to scope of award). However, since appellant did not put forth this argument, the trial court did not err in enforcing a reasonable interpretation of the arbitrators' stated award.

We note that another panel of this Court has recently discussed a related issue in the realm of *statutory* arbitration. In *McIntosh v. State*

456

the trial court properly confirmed the award, we have no cause to reverse its decision.

Order affirmed.

Farm Fire & Cas. Co., 425 Pa.Super. 311, 314, 625 A.2d 63, 64 (1993), the Court was presented with this question:
> Whether the trial court erred in not seeking clarification of the award pursuant to section 7311(a) of the [Pennsylvania Uniform Arbitration Act]?

McIntosh, supra, which interpreted a statutory provision, is not determinative in this case where, but for appellant's failure to seek clarification, we would be presented with the question of whether the trial court should have sought clarification in a common law arbitration.