**Savinis v. Goldberg, Persky & White P.C.**

C.P. of Allegheny County, no. GD05-027781.

*David L. McClenahan* and *Paul Berks,* for plaintiff.
*John E. Quinn,* for defendant.

WETTICK, *A.J.,* July 28, 2006—This opinion addresses the issue of how this court should respond to a claim that an arbitration award confirmed by this court is ambiguous.

Disputes between Goldberg, Persky & White P.C. and Janis M. Savinis, Anthony J. D'Amico and John R. Kane were submitted to a three-member board of arbitrators. On September 15, 2005, the board of arbitrators entered a common-law arbitration award. The award was faxed to the parties by the case manager of the American Arbitration Association on September 19, 2005. Goldberg filed a petition to vacate, modify, or correct the arbitration award on October 18, 2005. On February 8, 2006, I dismissed the petition on the ground that it was untimely filed, and I granted the petition of Savinis confirming the arbitration award and directing the prothonotary to enter the award as a judgment.[1]

---

1. Section 7342(b) of the Judicial Code (42 Pa.C.S. §7342(b)), which governs common-law arbitration, provides that on application of a party made more than 30 days after the award is made by the arbitrator, the court shall enter an order confirming the award. Case law citing this provision holds that any challenge to the arbitration award must be made in an appeal to the common pleas court by filing a petition to vacate or modify the arbitration award within 30 days of the

## I.

The arbitration award which I confirmed has not been satisfied because the parties are not in agreement as to their rights and obligations under the award. In a motion for construction of arbitration award, Goldberg has set forth eight areas of disagreement between the parties with respect to the construction of the award.

It is the position of Savinis that this court has no jurisdiction to construe or clarify the award because any such request must be made within 30 days of the entry of the award. After the expiration of the 30-day period, a party is not permitted to complain that the award is unclear and needs to be clarified or construed.[2]

The position of Savinis, that this court can neither construe an arbitration award nor address a claim that the award is ambiguous where the request was not filed within 30 days of the entry of the award, makes no sense. The finish line of an arbitration proceeding is a court order construing, if necessary, and enforcing the arbitration award which the court has confirmed. If, as in this case, the arbitration award has not been satisfied because the parties have different positions as to what payments

---

date of the award. See the case law that I cited in a memorandum and order of court which I entered in *Oklewicz v. Inmedius Inc.,* GD04-028330 (C.P. Allegheny 5/5/2005).

2. Under section 7311 of the Uniform Arbitration Act (42 Pa.C.S. §7311), "the trial court *may* within its discretion, resubmit an award for clarification while the petition to confirm is *pending.*" *McIntosh v. State Farm Fire and Casualty Co.,* 425 Pa. Super. 311, 315, 625 A.2d 63, 65 (1993). (emphasis in original) The present case, unlike *McIntosh,* involves an arbitration award confirmed by the court.

must be made in order to satisfy the award, the finish line can never be crossed without a judicial interpretation. In keeping with the policy favoring arbitration, courts must be involved whenever an arbitration award has not been satisfied because of a dispute between the parties over the meaning of the award.

Savinis contends that if court intervention is permitted, Goldberg, in the name of "ambiguity," will be raising issues that it sought to raise in its petition to vacate or modify the arbitration award which was untimely filed. This will not occur because if I conclude that there is only one reasonable interpretation of the award, I will enforce the award in accordance with this interpretation. In other words, my role is not to modify the arbitration award but, instead, to enforce the award in accordance with the intentions of the arbitrators so long as I can ascertain these intentions. For these reasons, I rule that this court has jurisdiction to consider Goldberg's motion for construction of the arbitration award.

## II.

The next issue that the parties have addressed is the role of the court in the event the court finds that provisions of an arbitration award are ambiguous. It is the position of Savinis that, in this situation, the award should be remanded to the arbitrators to clarify whatever the court asks the arbitrators to clarify.

Goldberg disagrees. According to Goldberg, this court has no authority to remand an arbitration award that has been confirmed. There is nothing in the legislation governing common-law arbitration that authorizes a remand

to the arbitrators. Furthermore, the common-law doctrine of functus officio bars remand. According to Goldberg, this doctrine provides that once arbitrators have issued a final award, they are without authority to re-examine the award. Goldberg contends that courts must resolve ambiguities by determining which interpretation more likely reflects the intent of the arbitrators. If it is impossible to decide what the arbitrators more likely intended, the award should be stricken because it should never have been confirmed.

There are more than two dozen federal and state appellate court cases that have addressed the issue of what should be done when a court determines that an arbitrators' award is ambiguous or incomplete. Many of these cases involve awards that were previously confirmed.

I am not aware of any appellate court which has stricken a previously confirmed arbitration award on the ground that the award is ambiguous. Such an approach would defeat the purpose of arbitration—to provide a prompt and inexpensive method of resolving disputes.

A small number of courts have ruled that a court must resolve the ambiguity if the appeal period has expired. See *e.g., All Metro Supply Inc. v. Warner,* 707 N.W.2d 1 (Minn. Ct. App. 2005). The rationale for this approach is that legislation governing arbitration does not include a provision authorizing a court, after expiration of the appeal period, to remand an aspect of the arbitration award to the arbitrators. These courts also refer to the common-law doctrine of functus officio "(once task finished, arbitrator is without power to re-examine decision)," *Menahga Education Asso. v. Menahga Independent*

*School Dist. No. 821,* 568 N.W.2d 863, 867 n.3 (Minn. Ct. App. 1997). They also contend that courts—rather than arbitrators—should construe arbitration awards that are ambiguous because the remand process is likely to delay enforcement of the award.[3]

Most courts have ruled that where the arbitration award is ambiguous, it should be remanded to the arbitrators to resolve the ambiguity. These courts offer very convincing reasons for this approach. Since the question is what did the arbitrators mean, the arbitrators should be providing the answer. Having the arbitrators decide what they meant eliminates the appellate review that may occur if the trial court was deciding what the arbitrators intended. Judicial review of a purported ambiguity undermines the authority of the arbitrator and improperly entangles a court in a matter that the parties agreed to resolve through rulings of arbitrators selected by the parties. A party that did not fare well before an arbitrator is less likely to seek to entice a court to find that an award is ambiguous if the result will be a remand to the same arbitrator.

Most courts are not troubled by the absence of legislation specifically authorizing a remand of a previously confirmed award to the arbitrators when the award is ambiguous.[4] The apparent reason is that the legislation

---

3. Such an argument would not have merit in a case such as the present case, in which a court, in resolving an ambiguous arbitration award, would be required to review the record which consists of 1,341 pages of testimony of a five-day hearing, and large numbers of exhibits.

4. The Federal Arbitration Act has no provision for the remand of ambiguous arbitration awards to the arbitrators who entered the awards.

governing arbitration does not address the issue and a remand in order that an ambiguous award is construed by the arbitrators, rather than a judge, furthers the goals of this legislation.

Most of the cases that remand ambiguous arbitration awards to the arbitrators mention, but do not apply, the judicially-created doctrine of functus officio. This appears to be a doctrine that originated at a time when judges were hostile to arbitration and distrusted arbitrators' independence. See *All Seasons Services Inc. v. Guildner,* 891 A.2d 97, 104 (Conn. App. Ct. 2006). At this time, most courts apply this doctrine, that arbitrators are without authority to re-examine a final award, only to the reexamination of the merits of the award. The doctrine, as developed by the case law, does not apply to other instances including a clarification of an ambiguous award.[5]

The case law does not find to be persuasive the argument that through a remand the arbitrators are likely to reconsider the merits of their prior award. This will not occur if the remand specifically describes what the arbitrators shall clarify and the arbitrators are directed to consider only this aspect of the award.

The case law is summarized in the recent opinion of the United States Court of Appeals, Tenth Circuit, in *U.S.*

---

However, federal appellate court case law uniformly provides for a remand.

5. This judicially-created doctrine does not appear to serve any purpose. Judicial decisions as to what may be remanded to an arbitrator should be based on what furthers the purposes of the legislation governing arbitration. Courts establish the boundaries of this doctrine based on the same considerations.

*Energy Corp. v. Nukem Inc.,* 400 F.3d 822, 830-31 (10th Cir. 2005), where the court stated:

"Other circuits have held there are circumstances where a district court can remand to the arbitrators for clarification. See *Green v. Ameritech Corp.,* 200 F.3d 967, 977 (6th Cir. 2000) (stating remand proper 'to clarify an ambiguous award'); *Colonial Penn Insurance Co. v. Omaha Indemnity Co.,* 943 F.2d 327, 334 (3d Cir. 1991) (concluding trial court had authority to remand award to arbitrators for clarification of ambiguous award). '[C]ourts have uniformly stated that a remand to the arbitration panel is appropriate in cases where the award is ambiguous.' *Id.* 'Such a remand avoids the court's misinterpretation of the award and is therefore more likely to give the parties the award for which they bargained.' *Id.* 'In short, for a court to engage in guesswork as to the meaning and application of an ambiguous arbitration award is inconsistent not only with federal policy, but also with the parties' own agreement to submit their dispute to arbitration.' *M & C Corp. v. Erwin Behr GmbH & Co.,* 326 F.3d 772, 782 (6th Cir. 2003). When there is more than one reasonable interpretation of an arbitration award, a remand for clarification is appropriate. *Mutual Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co.,* 868 F.2d 52, 58 (3d Cir. 1989) (stating '[a] district court itself should not clarify an ambiguous arbitration award but should remand it to the arbitration panel for clarification'); *Bell Aerospace Co. Div. of Textron Inc. v. Local 516,* 500 F.2d 921, 923 (2d Cir. 1974) (stating '[c]onstruing ambiguous provisions of an arbitration award is the proper province of the arbitrator, not the courts'); *American Postal Workers v. U.S. Postal Serv.,*

254 F. Supp.2d 12, 15 (D.D.C. 2003) (remanding for clarification where the arbitrator's award was 'susceptible to more than one interpretation'). Such remands, however, are to be used sparingly in order not to thwart the interest of achieving finality. See *Fischer v. CGA Computer Assoc. Inc.,* 612 F. Supp. 1038, 1041 (S.D.N.Y. 1985) (recognizing remand frustrates the basic purposes of arbitration because it delays execution of the final judgment)." (footnote omitted)

The following cases decided within the past seven years, and the cases upon which these cases rely, reach the same result for generally the same reasons: *Tri-State Business Machines Inc. v. Lanier Worldwide Inc.,* 221 F.3d 1015, 1017 (7th Cir. 2000) (if an award is unclear, it should be sent back to the arbitrator for clarification); *Hartford Steam Boiler Inspection and Insurance Co. v. Underwriters of Lloyd's and Companies Collective,* 857 A.2d 893, 901 (Conn. 2004) (although there is no explicit provision in the Arbitration Act for remand, courts have uniformly stated that a remand to the arbitration panel is appropriate in cases where the award is ambiguous); *All Seasons Services Inc. v. Guildner, supra,* 891 A.2d at 105-106 (a court must remand an award that is ambiguous; an award is ambiguous if it is susceptible to more than one reasonable interpretation); and *General Accident Insurance Company of America v. MSL Enterprises Inc.,* 547 S.E.2d 97, 99-100 (N.C. Ct. App. 2001) (a court need not remand for clarification where the ambiguity can be resolved by the record, however, the court cannot interpret the terms and must remand the matter to the arbitration panel for clarification).

The Pennsylvania appellate court case law is consistent with the case law that I have cited:

In *Hall v. Nationwide Mutual Insurance Company,* 427 Pa. Super. 449, 453-55, 629 A.2d 954, 956-57 (1993), the court rejected the argument of a party to an arbitration award that the trial court exceeded its scope of authority by confirming an arbitration award that exceeded the limits of the insurance policy. The court stated that the appellant's failure to challenge the award within 30 days allowed the trial court to confirm the award. In dicta, the court stated: "Appellant did not argue before the trial court, or on appeal, that the arbitrators' award was ambiguous and in need of clarification. Had appellant contended that the award itself was ambiguous, the court would have had the opportunity to determine whether to accept evidence regarding the arbitrators' intended award." *Id.* at 455 n.4, 629 A.2d at 957 n.4.

In *Stack v. Karavan Trailers Inc.,* 864 A.2d 551 (Pa. Super. 2004), the arbitrator entered a total molded award that would have been entered if 25 percent causal negligence had been attributed to the remaining defendant in the common-law arbitration proceedings. However, the liability findings in the document furnished to the parties showed that the arbitrator's decision had attributed 50 percent causal negligence to this defendant. Within eight days after the issuance of the initial award, the arbitrator issued a correct and clarified arbitration award based on a finding of 50 percent causal negligence. The defendant filed a petition to vacate the clarified award and for entry of a judgment in accordance with the initial total molded arbitration award. The trial court granted

this relief stating that under the functus officio doctrine, the arbitrator could not take any further action once an arbitration award had been issued. The Superior Court reversed. Its opinion relied on *Colonial Penn insurance Co. v. Omaha Indemnity Co.,* 943 F.2d 327, 332 (3d Cir. 1991), which recognized three exceptions to the functus officio doctrine: (1) an arbitrator may correct a mistake which is apparent on the face of the award; (2) where the award does not adjudicate an issue which has been submitted, it remains open for the arbitrator to decide this issue in a subsequent determination; and (3) where the award, although seemingly complete, leaves doubt whether the submission has been fully executed, an ambiguity arises which the arbitrator is entitled to clarify. In *Stack,* the court found that under the first exception the arbitrator had the authority to issue a clarified award.

## III.

In its motion for clarification, Goldberg has identified eight areas which it believes to be areas of disagreement between the parties with respect to construction of the award. In filings with this court, the parties have briefly addressed the eight areas. For most, if not all, of the areas, each party contends that the award resolves the matter in that party's favor and that the court should enforce the award in accordance with that party's interpretation. The fallback position appears to be that the award is ambiguous.

Within 20 days, Goldberg shall file a brief that explains and justifies Goldberg's interpretation of the award with respect to each of the eight areas. If Goldberg claims,

even as a fallback position, that the award is ambiguous, the brief shall describe the issues that I need to submit to the arbitrators. Twenty days thereafter, Savinis shall file a responsive brief that meets the same requirements. Goldberg shall have 10 days in which to file a reply brief.

## ORDER

On July 28, 2006, it is hereby ordered that the parties shall file briefs according to the timetable set forth in Part III of the opinion accompanying this order of court. Argument will be held on September 28, 2006 at 2 p.m. o'clock.