J-A28006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BERARDELLI POOL SERVICE, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOSEPH KOCH | |
| Appellee | No. 19 EDA 2014 |

Appeal from the Order November 27, 2013
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2013-05740

BEFORE:  GANTMAN, P.J., WECHT, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED NOVEMBER 25, 2014**

Appellant, Berardelli Pool Service, LLC, appeals from the order entered in the Montgomery County Court of Common Pleas, which confirmed the arbitration award in favor of Appellee, Joseph Koch.[1]  We affirm.

In its opinion, the trial court fully sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issues for our review:

---

[1] Throughout the certified record and in this appeal, the caption is presented contrary to how the case actually arose, in which Appellee sought relief from Appellant through binding common law arbitration, pursuant to the parties' agreement.  We also note that Berardelli Pool Service, LLC is a limited liability corporation.

WHETHER THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION OR ERROR OF LAW IN ENTERING JUDGMENT "IN THE AMOUNT OF $20,000.00" WHICH DID NOT CONFORM WITH THE AWARD OF THE ARBITRATORS WHICH READS AS FOLLOWS:

1) THERE HAS BEEN NO MISMANAGEMENT OF [APPELLANT] RISING TO THE LEVEL OF A BREACH OF FIDUCIARY DUTY. ROBERT BERARDELLI SHALL REMAIN THE MANAGING PARTNER OF [APPELLANT].

2) [APPELLEE] SHALL RECEIVE THE SUM OF $20,000.00 AS A DISTRIBUTION OF PROFITS FOR THE CALENDAR YEAR 2012.

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the reasoned opinion of the Honorable Richard P. Haaz, we conclude Appellant's issue merits no relief. The trial court opinion fully discusses and properly disposes of the question presented. (***See*** Trial Court Opinion, filed February 7, 2014, at 3-4) (finding: Appellant's issue merits no relief, where court reasonably interpreted arbitration award in amount of $20,000.00 in Appellee's favor). The record supports the trial court's discretion and decision; therefore, we see no reason to disturb it.[2] Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

_____

[2] So long as the court's order confirming the arbitration award is a reasonable interpretation of the award, we must affirm. If the parties want different language in the confirmation order, they must address that issue to the trial court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/25/2014

# IN THE COURT OF COMMON PLEAS MONTGOMERY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

BERARDELLI POOL SERVICE, LLC       :       NO. 2013-05740

                : 

      -vs-                      :       19 EDA 2014

                : 

JOSEPH KOCH                  : 


HAAZ, J.                                        **FEBRUARY 7, 2014**
### OPINION

## FACTS AND PROCEDURAL HISTORY

1. Joseph Koch (hereinafter "Koch") is a member of Berardelli Pool Service, LLC (hereinafter "Berardelli").

2. Berardelli's Operating Agreement provides for common law arbitration of disputes under the Agreement.

3. Article IX, section 9.01 of Berardelli's Operating Agreement states as follows:

   "[A]ny dispute, controversy or difference which may arise between any Members arising out of or relating to this Agreement or business of the Company shall be finally settled by binding arbitration in Montgomery County, Pennsylvania..."

4. Article IX, section 9.01b states:

   "The decision of the arbitrator or arbitrators shall be determinative, binding and conclusive between the parties, and the decision may be entered as an unappealable judgment in the Court of Common Pleas of Montgomery County, Pennsylvania, or any other appropriate jurisdiction."

5. The parties completed their common law Arbitration before Robert F. Morris, Esquire, Gregory R. Gifford, Esquire and Jerome M. Charen, Esquire on December 14, 2012.

2013-05740-0036      FilingID:      9636127
2/7/2014 3:38:34 PM
Opinion
Receipt # Z2032842     Fee     $0.00
Mark Levy - MontCo Prothonotary

1

6. The Award of Arbitrators was rendered by letter dated February 15, 2013 which stated:

> Following a full hearing, the arbitrators find as follows:
>
> 1) There has been no mismanagement of Berardelli Pool Services, LLC rising to the level of a breach of fiduciary duty. Robert Berardelli shall remain the managing member of Berardelli Pool Service, LLC.
>
> 2) Joseph Koch shall receive the sum of $20,000 as a distribution of profits for the calendar year 2012.

7. On March 19, 2013, Berardelli filed a Petition to Vacate the Award of the Arbitrators.

8. On May 7, 2013, Koch filed a Petition to Enter the Award of the Arbitrators as a Judgment.[1]

9. On November 21, 2013, Berardelli withdrew the Petition to Vacate the Award of Arbitrators.

10. On November 26, 2013, this court issued the following order:

> **AND NOW**, this 26th day of November, 2013, upon consideration of Petitioner's unopposed Petition to Enter Award of Arbitrators dated February 15, 2013 as a Judgment, it is **ORDERED** and **DECREED** that Judgment is hereby entered pursuant to the Arbitration Award dated February 15, 2013 in favor of Joseph Koch and against Berardelli Pool Services, Inc [*sic*] in the amount of $20,000.

11. On December 26, 2013, Berardelli filed this timely appeal.

12. On January 21, 2014, Berardelli filed a Concise Statement of Matters Complained of on Appeal which stated:

---

[1] Berardelli did not file a response to the Petition to Enter the Award of the Arbitrators as a Judgment.

2

Whether this Honorable Court committed an abuse of discretion or error of law in entering judgment "in the amount of $20,000.00" which did not conform with the Award of Arbitrators which reads as follows:

1) There has been no mismanagement of Berardelli Pool Services, LLC rising to the level of a breach of fiduciary duty. Robert Berardelli shall remain the managing member of Berardelli Pool Service, LLC.

2) Joseph Koch shall receive the sum of $20,000 as a distribution of profits for the calendar year 2012.

## II. DISCUSSION

The standard of review in arbitration confirmation cases is whether the trial court exceeded its scope of authority by an abuse of discretion or error of law. *Hall v. Nationwide Mutual Insurance Company*, 629 A.2d 954 (Pa. Super 1993). In *Hall*, an insured petitioned to confirm the arbitrators' award of damages pursuant to an arbitration clause in the insured's automobile insurance policy. The Superior Court affirmed the trial court's confirmation of the award where the trial court's interpretation of the award was reasonable and the insurer failed to challenge the arbitrators' award within thirty (30) days.

42 Pa.C.S.A §7342(b), which governs common law arbitration, states:

**(b) Confirmation and judgment.**--On application of a party made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common law arbitration), the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order.

Berardelli withdrew its challenge of the award and did not oppose Koch's Petition to Enter the Award of the Arbitrators as a Judgment. The court granted Koch's unopposed petition to confirm the award as a judgment. Berardelli did not claim the

3

arbitrators' award was ambiguous and in need of clarification, which would have allowed the trial court to accept evidence regarding the intention of the arbitrators' award. *See Hall*, 329 A.2d at 957 citing *Converse v. Colton*, 49 Pa. 346 (1865).

The trial court reasonably interpreted the arbitration award to be $20,000. The award's qualifying phrase "as a distribution of profits for the calendar year 2012" identified the basis of the award. Without any additional evidence, the court's order of November 26, 2013 constitutes a reasonable interpretation of the arbitrators' award, and was not an abuse of discretion. *Hall, supra.*

BY THE COURT

_____
Richard P. Haaz                    J.

Copies sent on 2/7/14 to
Mark F. Himsworth, Esquire
Brian J. Smith, Esquire
Superior Court of Penn.
Court Administration
Montgomery County Law Reporter