J-A32027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WAYNE MASCIARELLA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| THOMAS DEFULVIO | |
| | No. 2146 EDA 2016 |

Appeal from the Order June 16, 2016
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): March Term 2016 3003

BEFORE:  DUBOW, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:                **FILED MARCH 03, 2017**

Appellant, Wayne Masciarella, appeals from the trial court's order of June 16, 2016, granting in part his petition to confirm an arbitration award dated March 18, 2014, but denying his request to expel Appellee Thomas Defulvio from their joint business premises.  We affirm.

Appellant and Appellee are joint members of a Pennsylvania limited liability company known as www.busesforsale.com ("the Company").  **_See_** Award of Arbitrator, at 1.  Pursuant to an arbitration agreement between the parties, Appellant filed a demand for arbitration with the American Arbitration Association, alleging that Appellee had for several years engaged in a breach of his fiduciary duty owed to the company regarding the

_____

[*] Retired Senior Judge assigned to the Superior Court.

purchase and sale of used buses for Appellee's own benefit. **See** Award of Arbitrator, at 1.

On March 18, 2014, the arbitrator entered an award in favor of Appellant. The award noted Appellee's hobby of collecting antique buses prior to the formation of the Company. **See** Award of Arbitrator, at 1. The arbitrator credited Appellee's testimony that he took no profit he did not share with Appellant, finding no evidence to the contrary. **Id.** at 1. Nevertheless, finding a breach of the operating agreement to act with fiduciary duty towards the Company, the arbitrator ordered Appellee to: (1) transfer title to buses acquired after January 1, 2007; (2) provide a complete accounting of all profits or commissions received after January 1, 2007; (3) provide for the distribution of profits from the sale of any transferred buses; and (4) pay all administrative fees. **Id.** 2-3. The order provided that if Appellee failed to comply with the award, Appellant would be entitled to expel Appellee from the LLC. **Id.** at 3.

On March 30, 2016, Appellant filed a petition to enforce arbitration award pursuant to 42 Pa.C.S. § 7342(b). The petition averred that Appellee had failed to (1) transfer the title of certain buses; (2) failed to appropriately list inventory; (3) failed to properly account for certain sales; and (4) refused to sell certain inventory. **See** Petition to Confirm Arbitration Award, ¶¶ 22-23. Appellant requested that the court confirm the arbitration award, enter judgment on the award, and enter an order (1) expelling Appellee from the LLC; (2) terminating Appellee's employment; (3) directing Appellee

to return all LLC property and documents in his possession; and (4) ordering Appellee to sell his LLC interest to Appellant. *Id.* at ¶ 28.

Appellee filed an answer in opposition to Appellant's petition, denying the allegations made therein. *See* Answer to Petition to Confirm Arbitration Award, ¶¶ 17-18, 22-28.

On June 16, 2016, the court held a hearing on the petition. Appellant and Richard Crohan, a salesman for the Company, testified in support of the petition. According to Appellant, Appellee did not transfer the title to a 1946 CTD Transit bus. *See* Notes of Testimony (N. T.), 6/16/16, at 10-11. Appellant and Mr. Crohan testified that this bus was "discovered" in a New Jersey repair shop. *Id.* at 12, 61, 79. However, during cross examination, Appellant admitted he was aware of the 1946 CTD bus and the fact that it had no title as of the time of arbitration, two years earlier. *Id.* at 28. Further, Appellant admitted he had been given titles to a series of buses by Appellee, but was unaware of what the titles belonged to, as he had never examined them. *Id.* at 28-29.

Additionally, during cross-examination, Appellee provided evidence that the Company's books accurately reflected money deposited for the sale of buses acquired after January 1, 2007, and that an accounting had been performed. *Id.* at 44-48. Appellee suggested that the 1946 CTD Transit bus could not be titled, due to its age and poor condition. *Id.* Further, Appellee provided evidence that Appellant had known about the existence of the 1946 CTD Transit bus and its lack of title for two years. *Id.* at 81-84.

At the conclusion of the hearing, the court ordered that any titles that had not been turned over must be turned over and confirmed the arbitration award. N. T. 6/16/16, at 89-91; *see also* Order, 6/16/16, at 1. Further, the court held that Appellant had not produced evidence, either testimonial or documentary, to demonstrate that Appellee had failed to comply with the arbitration award. N. T. 6/16/16, at 89-91; *see also* Order, 6/16/16, at 1. Accordingly, the court denied Appellant's petition to expel Appellee from the business. *Id.* The court also held that title to the 1946 CTD Transit bus was not subject to production due to its age and condition. *See* Order, 6/16/16, at 1.

Appellant timely appealed. It does not appear, from the record, that the trial court ordered Appellant to file a statement pursuant to Pa.R.A.P. 1925(b). Nevertheless, it issued an opinion in support of its decision.

On appeal, Appellant raises the following issue for our review:

> Whether the [trial court] erred as a matter of law and abused its discretion in denying [Appellant's] petition to enforce the arbitration award dated March 18, 2014 when in violation of the arbitration award: (a) [Appellee] failed to transfer, or cause to be transferred, to www.busesforsale.com, LLC, all of the buses titled in [Appellee's] name; and (b) [Appellee] failed to provide [Appellant] an accounting of the proceeds of the sale of a bus transferred by [Appellee] to www.busesforsale.com, LLC pursuant to the arbitration award, and [Appellee] failed to distribute any proceeds from the sale of the bus to [Appellant].

Appellant's Brief at 4.

Appellant contends that the court erred in refusing to enforce his arbitration award. According to Appellant, the court improperly modified the

- 4 -

arbitration award by finding that there was insufficient evidence to justify Appellee's expulsion from the business, and in recognizing that title to the 1946 CTD Transit bus was not subject to production due to its age and condition. *See* Appellant's Brief at 24-30. We disagree.

On the application of a party, made more than thirty days after an award is made by an arbitrator under 42 Pa.C.S. § 7341, the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order. *See* 42 Pa.C.S. §§ 7342(b), 7316. The decree may be enforced as any other judgment or decree. *See* 42 Pa.C.S. § 7316. Appellant does not challenge the arbitrators' award, but instead, argues that the trial court erred in refusing to enforce the award. Insofar as the trial court must interpret the arbitration award, we review that interpretation for an abuse of discretion or error of law. *Hall v. Nationwide Mut. Ins. Co.*, 629 A.2d 954, 956 (Pa. Super. 1993) (finding trial court's interpretation of arbitrators' award to be reasonable and not an abuse of discretion).

In the instant case, the arbitrator ordered Appellee to transfer bus titles, provide a complete accounting of profits and commissions, provide for the distribution of profits, and to bear administrative fees. Additionally, if Appellee failed to comply with the award, Appellant would be entitled to expel Appellee from the LLC. The trial court confirmed the award and possessed the ability to interpret the award to determine if enforcement was necessary.

Accordingly, the court convened a hearing to take evidence on that issue. With regard to the trial court's factual findings, we will not disturb those findings on appeal absent an abuse of discretion or error of law. *See Ecksel v. Orleans Const. Co.*, 519 A.2d 1021, 1028 (Pa. Super. 1987). A trial court's findings with regard to the credibility and weight of the evidence will stand unless an Appellant can show that the determination was "manifestly erroneous, arbitrary and capricious or flagrantly contrary to the evidence." *Id.*

The trial court concluded, based on the testimony offered, that Appellant had not provided any evidence that Appellee had violated the arbitration award. Instead, the evidence showed that Appellee had complied with the award: he had performed an accounting of his sales, and Appellant had been given the titles to the buses subject to the arbitration award with the exception of the 1946 CTD Transit bus. With regard to that title, the trial court held, based upon the bus's age and condition, no one could have had the title, and accordingly Appellee was not required to produce it.

We discern no abuse of discretion in the trial court's conclusion that Appellant did not provide sufficient evidence to justify the expulsion of Appellee from the business. *Ecksel*, 519 A.2d at 1028.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/3/2017