J-S25016-19

2019 PA Super 203

| ELIZABETH A. ROCCOGRANDI AND CATHERINE E. PODOLAK | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : : : : | |
| THERESA A. MARTIN, TONI F. MADDEN, AND DONNA M. SHULTZ | : : | No. 30 MDA 2019 |
| Appellants | : : | |

Appeal from the Order Entered November 28, 2018
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2018-11641

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

OPINION BY MURRAY, J.:                                    **FILED JULY 01, 2019**

Theresa A. Martin, Toni F. Madden, and Donna M. Shultz (collectively, Appellants) appeal from the trial court's November 28, 2018 order pertaining to arbitration, and confirming "the awards on May 11, 2018 and June 27, 2018 and the Gattuso Report dated August 15, 2018." Trial Court Order and Decree Confirming Arbitration Award, 11/28/18, at unnumbered 1.  Upon review, we affirm.

In his May 11, 2018 interim award, American Arbitration Association arbitrator Steven Petrikis (Arbitrator) provided the following factual and procedural background:

> [Appellants] are sisters Theresa [A]. Martin, Toni F. Madden and Donna M. Schultz [].  [Appellees] are sisters Elizabeth A. Roccograndi and Catherine E. Podolak [].  All are the children of Anthony Roccograndi.  All parties are all trustees of certain trusts of all ownership of My Brother's Place ("MBP"), a former retail home improvements store, and, currently, owner and operator of

certain commercial real estate in Wilkes-Barre. MBP was founded by Mr. Roccograndi and his four brothers, but Mr. Roccograndi ultimately purchased his brothers' interests. For many years, he was the driving force for [MBP's] retail stores and commercial leasing properties. He became incapacitated in 2010, and died on May 5, 2014.

At all relevant times, MBP was controlled by a Shareholder Agreement dated January 26, 1992, and MBP's Rules and Regulations governing the Board of Directors of [MBP] dated June 5, 1994, executed by all [Appellants and Appellees].

[Appellants and Appellees] are all of the directors of MBP. Ms. Podolak was the donee of a Power of Attorney for Mr. Roccograndi during his incapacitation. Ms. Roccograndi served as the [p]resident of MBP since 1995. [Appellants] through the trust instruments were collectively the majority shareholders of MBP at all relevant times, owning approximately 57.2% of MBP.

[Appellants and Appellees] were also parties to a Joint Venture Agreement ("JVA") known as Sisters' Fund and dated November 1, 1977. The Sisters' Fund operated as a type of private bank for savings, low interest home loans and/or education for the parties, as well as a vehicle for investments by the joint venturers. The JVA directs that Ms. Roccograndi and Ms. Martin shall serve as co-managing agents upon the death of Mr. Roccograndi.

On April 17, 2015, [Appellants] brought suit against [Appellees] . . . in the Court of Common Pleas of Luzerne County. The Complaint sought the liquidation of the assets of MBP, and an accounting of the Sisters' Funds Joint Venture []. Subsequently, [Appellants] filed a Motion for Appointment of a Custodian or Receiver requesting the Court to "appoint a receiver to liquidate the business or, in the alternative, a custodian and to manage the affairs of the corporation (MBP) and its assets." [Appellees] objected by asserting that all claims were subject to mandatory arbitration. However, before the matters were directed to this arbitration, the Luzerne County Court, by Order dated August 24, 2015, appointed Walter Grabowski, Esq. as the receiver of MBP with directions to liquidate and close the retail operation of MBP. He has done so. The Order also expressly stated that MBP's "real estate rental business shall continue." The Order also barred all

parties from conducting any transaction unless specifically authorized by the receiver or the Court.

As stated in the Scheduling Order entered in this matter dated February 13, 2017, the parties agreed as follows:

The parties have agreed that all claims and defenses set forth in the Demands and Answering Statements in the cases identified above are properly subject to this arbitration. The parties further agreed that to the extent said claims and defenses are not encompassed by such arbitration provisions, the parties submit all such claims and defenses to this arbitration and consent to the jurisdiction of the American Arbitration Association to resolve all such claims and defenses. . . .

Accordingly, by the express agreement of the parties, jurisdiction of this arbitration encompasses all remaining claims.

\* \* \*

At the parties' request, a single hearing . . . was held November 15 through November 17, 2017, in Wilkes-Barre, Pennsylvania. . . . The parties submitted post-hearing briefs and post-hearing reply briefs.

Arbitrator's Interim Award, 5/11/18, at 2-4 (underlining and emphasis omitted).

As indicated above, after conducting a hearing and receiving submissions from both parties, the Arbitrator issued an interim award on May 11, 2018. The interim award issued legal conclusions on many issues, with the Arbitrator ruling for and against both parties. *See* Arbitrator's Interim Award, 5/11/18, at 31 ("No party is blame free for this matter and no party is wholly blameworthy.").

In his interim award, the Arbitrator ordered both parties to provide complete status updates no later than June 1, 2018. *Id.* at 30. Pertinent to this appeal, the status updates were required to address "whether the co-managing agents have agreed to the appointment of a person to liquidate Sisters' Fund and the date when a proposed distribution will be provided." Arbitrator's Interim Award, 5/11/18, at 31. The Arbitrator retained jurisdiction for the entry of a final award "following the consideration of the parties' submission[s] of the status report[s]." *Id.*

On June 27, 2018, the Arbitrator issued two final arbitration awards: one pertaining to MBP, and one concerning the Sisters' Fund. Both awards incorporated the findings and conclusions of the May 11, 2018 interim award. Arbitrator's MBP Final Award, 6/27/18, at 3; Arbitrator's Sisters' Fund Final Award, 6/27/18, at 2. The final award regarding MBP ordered, *inter alia*, the conclusion of Attorney Grabowski's receivership "thirty days from the date of this Final Award." Arbitrator's MBP Final Award, 6/27/18, at 3.

In the Sisters' Fund final award, the Arbitrator stated:

> In my Interim Award dated May 11, 2018 the parties were directed to advise whether the co-managing agents of the Sisters['] Fund had agreed to the appointment of the Gattuso Group to implement the liquidation of the Sisters['] Fund in accordance with the terms of the Joint Venture Agreement. I received a report from [Appellants] on May 31, 2018, and a report from [Appellees] on June 1, 2018. **The parties have in fact agreed to the Gattuso Group to perform that function**. . . .
>
> **In accordance with the agreement of the Parties**, the Gattuso Group shall prepare its liquidation report pursuant to Section 15 of the JVA, and shall implement the decision of my

> Interim Award on the matters arbitrated and decided therein. The reasoning set forth at length in the Interim Award is hereby incorporated by reference for this FINAL Award.

*Id.* at 1-2 (emphasis added).

On July 24, 2018, Appellees filed with the trial court a petition to modify and/or vacate arbitration award pursuant to 42 Pa.C.S.A. §§ 7317, 7341, and 7342, in which they requested the Arbitrator's final award be modified and/or vacated to nullify the direction that Attorney Grabowski be terminated as receiver of MBP. Appellee's Petition to Modify and/or Vacate Arbitration Award, 7/24/18, at 3. On August 9, 2018, the trial court granted the petition to modify and ordered that Attorney Grabowski remain as the court-appointed receiver until he complied with the directives set forth in the Arbitrator's interim arbitration award. Trial Court Order, 8/9/18.

In accordance with the Arbitrator's Sisters' Fund final award, the Gattuso Group issued its report regarding the liquidation of the Sisters' Fund on August 15, 2018 (Gattuso Report). In *pro se* objections filed with the Arbitrator on September 5, 2018, Appellants made multiple challenges to the Gattuso Report. At the request of the Arbitrator, Appellees filed a response to Appellants' objections, averring that the Arbitrator did not have jurisdiction to rule on the objections. By email dated September 10, 2018, the Arbitrator agreed with Appellees and denied Appellants' objections for lack of jurisdiction. Arbitrator's Email, 9/10/18 ("For the reasons stated in [Appellees'] Reply, I do not have jurisdiction to address the matters [Appellants] have set forth.").

On October 11, 2018, Appellees filed with the trial court a Petition to Modify Arbitration Award Pursuant to 42 Pa.C.S.A. §§ 7342(b) and 7341. In their petition, Appellees requested that the trial court "enter an [o]rder confirming the arbitration award and that judgment be entered against [Appellants] in accord with terms of the awards, plus interest and costs and such other relief as the Court deems appropriate." Appellees' Petition to Modify Arbitration Award, 10/11/18, at 3.

In response, Appellants filed an answer to Appellees' petition on October 29, 2018. Both parties filed briefs in support of their respective positions and the trial court held argument on the matter on November 27, 2018. On November 28, 2018, the trial court issued an order confirming "the awards on May 11, 2018 and June 27, 2018 and the Gattuso Report dated August 15, 2018[.]" Trial Court Order and Decree Confirming Arbitration Award, 11/28/18, at unnumbered 1.

Appellants filed this timely appeal on December 28, 2018. Both the trial court and Appellants have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellants present one issue for our review:

Did the Trial Court err in confirming the Gattuso Report of August 15, 2018, when the report was prepared and issued well beyond the date of the Final Arbitration Decision and cannot be contemplated under the adoption procedure in 42 Pa. C.S.A. [§] 7342(b)?

Appellants' Brief at 3 (footnote omitted).

The arbitration agreement in this case is governed by 42 Pa.C.S.A. § 7341 *et seq*., which pertains to common law arbitration.[1] 42 Pa.C.S.A. § 7341 *et seq*. However, Appellants do not challenge the arbitrator's award,[2] but instead, argue that the trial court "lacked the legal authority to adopt the Gattuso [Report] issued August 15, 2018 as part of the adoption of the Final Arbitration Award issued on June 27, 2018." Appellants' Brief at 10.

We initially note the scarcity of authority as to a trial court's interpretation of an arbitrator's award. We also observe that we are not presented with the "stereotypical" arbitration case where one party is awarded a monetary award from the arbitrator, thus allowing the trial court to enter judgment in favor of one party in its confirmation order. **See** Arbitrator's Interim Award, 5/11/18, at 31. Rather, in dealing with a financial fund maintained and used by both Appellants and Appellees—all sisters—the Arbitrator had to make many rulings for and against both sets of sisters. One

_____

[1] "Because the agreements do not expressly provide for statutory arbitration, the agreements are conclusively presumed to be pursuant to the procedural rules of common law arbitration." **Moscatiello v. Hilliard**, 939 A.2d 325, 330 (Pa. 2007). **See also Sage v. Greenspan**, 765 A.2d 1139 (Pa. Super. 2000) (Absent an express statement in the arbitration agreement, or a subsequent agreement by the parties which calls for the application of statutory arbitration provisions, an agreement to arbitrate is conclusively presumed to be at common law).

[2] Appellants "do not dispute that the law permits the [trial court] to enter an order confirming an arbitration award." Appellants' Brief at 3 n.1. Rather, they aver that "[t]he dispute arises out of the [c]ourt's confirmation and adoption of the Gattuso Report which was prepared long after the Final Arbitration Award." **Id.**

of those rulings, involving the precise methodology for the Sisters' Fund's liquidation, was admittedly outside the scope of the Arbitrator's review. Arbitrator's Sisters' Fund Final Award, 6/27/18, at 2 ("I do not intend to direct the liquidation procedure, and I lack the necessary detailed and indeed expert testimony to do so. The particulars of the liquidation methodology were not part of this arbitration, and the subject matter arose only as a result of the provision of the JVA calling for such liquidation during the course of the drafting of the Interim Award. . . . I lack an adequate record to provide any further direction to the liquidator beyond what I have provided in my Interim Award.").

In light of the forgoing, we find our decision in **Hall v. Nationwide**, 629 A.2d 954 (Pa. Super. 1993) to be instructive. The standard of review in arbitration confirmation cases is whether, in interpreting the award, the trial court exceeded its scope of authority by an abuse of discretion or error of law. **Hall**, 629 A.2d at 956. **See also Weinar v. Lex**, 176 A.3d 907, 914 (Pa. Super. 2017) ("A trial court order confirming a common law arbitration award will be reversed only for an abuse of discretion or an error of law.") (citing **Sage v. Greenspan**, 765 A.2d 1139, 1142 (Pa. Super. 2000)). In **Hall**, an insured petitioned to confirm the arbitrators' award of damages pursuant to an arbitration clause in the insured's automobile insurance policy. This Court affirmed the trial court's confirmation of the award where: 1. the trial court's interpretation of the award was reasonable; and 2. the insurer failed to challenge the arbitrators' award within thirty (30) days. **Hall**, 629 A.2d at

957. As our decision in **Hall** remains binding authority, we therefore apply it to the facts before us.[3]

Section 7342(b), which governs common law arbitration, provides:

(b) Confirmation and Judgment.--On application of a party made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common law arbitration), the court shall enter an order confirming the award and shall enter judgment or decree in conformity with the order.

42 Pa.C.S.A. § 7342(b). "We have consistently interpreted this language to mean that the trial court is **required** to confirm the award unless the **other** party has filed a petition to vacate or modify the award within 30 days of the date of the award." **Civan v. Windermere Farms, Inc.**, 180 A.3d 489, 499 (Pa. Super. 2018) (citation omitted) (emphasis added). "The award of an arbitrator in a common law arbitration is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." **Id.** (citation omitted). **See also** 42 Pa.C.S.A. § 7341.

Pursuant to Section 7342(b), in a common law arbitration case, the parties have only thirty days to challenge the arbitrator's award. **Id.** Here, Appellants failed to challenge the award within thirty days as required by Section 7342(b). **See** Appellants' Brief at 13 ("The Appellants did not file any

_____

[3] For ease of review, we analyze these factors in reverse order.

[p]etition to [m]odify."). Their failure to do so "allowed the trial court to confirm the award." **Hall**, 629 A.2d at 957 (citations omitted).[4] As **Hall** remains controlling law and, admittedly, Appellants did not challenge the Arbitrator's award, **See** Appellants' Brief at 12-13, our analysis turns to whether the trial court's interpretation of the arbitrator's award was reasonable and within its discretion. **Hall**, 629 A.2d at 956 ("The trial court interpreted the . . . award letter to mean that the arbitrators awarded an amount greater than the policy limits. Such interpretation was reasonable and did not constitute an abuse of discretion.").

Upon review, we conclude that the trial court's order of November 28, 2018 constitutes a reasonable interpretation of the Arbitrator's awards, and was not an abuse of discretion. The trial court's reasonable interpretation, in conjunction with Appellants' admitted failure to challenge the Arbitrator's final award within 30 days of its issuance, compels affirmance of the trial court's November 28, 2018 order.

In his May 11, 2018 interim award, the Arbitrator addresses the appointment of the Gattuso Group as the liquidator with relation to the Sisters' Fund:

> With [Appellant] Martin and [Appellee] Roccograndi remaining as co-managing agents, a deadlock is likely. Accordingly, those agents **are directed to retain an**

---

[4] "We affirmed the Order confirming the award because the appellant failed to challenge the arbitrators' award within thirty days pursuant to 42 Pa.C.S.A. § 7342(b)." **Vogt v. Liberty Mut. Fire Ins. Co.**, 900 A.2d 912, 920 (Pa. Super. 2006).

**appropriate professional to liquidate and distribute the Sisters' Fund in accordance with the terms of this award. It is suggested that the Gattuso Group, which has considerable knowledge of the Fund activities and whose findings have not been questioned by either party, be so retained.** I will retain jurisdiction and remain available to review objections made to the proposed distribution after it is issued. Again, I share the parties interest in insuring a full and final resolution to all disputes.

If the co-managing parties are unable to agree on a person to liquidate and distribute the funds in accordance with it and the JVA, then counsel shall report that to me within twenty days of the date of this Interim Award in accordance with the Conclusion herein.

\* \* \*

This is an Interim Award as a result of the nature of the declaratory relief it provides. In accordance with the Interim Award, the parties are to provide a complete status update no later than June 1, 2018 which includes: . . .

2) whether the co-managing agents have agreed to the appointment of a person to liquidate Sisters' Fund and the date when a proposed distribution will be provided.

All actions of the receiver and any liquidator of Sisters' Fund shall be in accordance with the terms of this Interim Award.

I will retain jurisdiction of both cases to take further action, including the entry of a Final Award following consideration of the parties' submission of the status report above-described.

Arbitrator's Interim Award, 5/11/18, at 27, 30-31 (emphasis added).

In accordance with the Arbitrator's interim award and the status reports of the parties, the Arbitrator's June 27, 2018 Sisters' Fund final award instructed the Gattuso Group to produce a report on the liquidation of the Sisters' Fund:

In my Interim Award dated May 11, 2018, the parties were directed to advise whether the co-managing agents of the Sisters['] Fund had agreed to the appointment of the Gattuso Group to implement the liquidation of the Sisters['] Fund in accordance with the terms of the Joint Venture Agreement. I received a report from the [Appellants] on May 31, 2018, and a report from the [Appellees] on June 1, 2018. **The parties have in fact agreed to the Gattuso Group to perform that function**.

[Appellants'] report of May 31, 2018, contains additional requests for relief, requests for different relief than previously granted, requests for further clarification and reconsideration. Initially, I do not intend to direct the liquidation procedure, and I lack the necessary detailed and indeed expert testimony to do so. The particulars of the liquidation methodology were not a part of this arbitration, and the subject matter arose only as a result of the provision of the JVA calling for such liquidation during the course of the drafting of the Interim Award. In short, just as with the requested liquidation of MBP's remaining assets, I lack an adequate record to provide any further direction to the liquidator beyond what I have provided in my Interim Award. Further clarification of the Interim Award is unnecessary, and I do not intend to reconsider the Interim Award in any respect.

**In accordance with the agreement of the Parties, the Gattuso Group shall prepare its liquidation report pursuant to Section 15 of the JVA, and shall implement the decisions of my Interim Award on the matters arbitrated and decided therein**. The reasoning set forth at length in the Interim Award is hereby incorporated by reference for this FINAL Award. . . .

This is a FINAL Award. This Award is in full adjudication of all claims and counterclaims submitted in this Arbitration. All claims and counterclaims not expressly granted herein are hereby denied.

Arbitrator's Sisters' Fund Final Award, 6/27/18, at 1-2, 3 (emphasis added).

Pursuant to the Arbitrator's interim award, the parties were required to select a third party to author a liquidation report with regard to the Sisters' Fund. Arbitrator's Interim Award, 5/11/18, at 27. The Arbitrator specifically

- 12 -

suggested the Gattuso Group, given their "considerable knowledge of the Fund['s] activities and whose findings have not been questioned by either party." *Id.* By their own admission, Appellants expressly agreed that the Gattuso Group be retained to author the liquidation report. Appellants' Brief at 16.[5]

In accordance with the unchallenged agreement of Appellants and Appellees, in his final award, the Arbitrator specifically instructed the Gattuso Group to prepare a liquidation report, and in doing so, implement the Arbitrator's decisions set forth in his interim award "on the matters arbitrated and decided therein." Arbitrator's Sisters' Fund Final Award, 6/27/18, at 3.

After the issuance of the Arbitrator's Sisters' Fund final award, Appellants had 30 days in which they could have challenged his decision to appoint the Gattuso Group to prepare a liquidation report. Admittedly, Appellants did not do so. Appellants' Brief at 12.[6] In lieu of challenging the Arbitrator's final award with the trial court, Appellants instead filed *pro se* objections on September 5, 2018 with the Arbitrator, who at that point lacked

---

[5] "The Appellants and Appellees agreed to the Gattuso Group as the party to prepare the liquidation report to 'implement the decisions of the Arbitrator's Interim Award on the matters arbitrated and decided therein.'" Appellants' Brief at 16 (citation omitted).

[6] "The Appellants are **acutely aware** that they had a right to seek a modification of the award pursuant to the applicable standards set forth in 42 Pa. C.S. § 7341 within thirty (30) days of its issuance." Appellants' Brief at 12 (emphasis added). "As a result, the Appellants could have sought modification under §7341 through July 27, 2018." *Id.* (underlining omitted). "The Appellants **did not**, nor did they intend to." *Id.* (emphasis added).

jurisdiction—as explained by the Arbitrator in his September 10, 2018 email to the parties.

Thereafter, as instructed by the Arbitrator in his final award, the Gattuso Group issued its report on August 15, 2018. Given the specific language provided in the Arbitrator's interim and final awards, it was reasonable for the trial court to include the Gattuso Report in its November 28, 2018 order confirming the Arbitrator's awards. The trial court did not abuse its discretion, given the Arbitrator's specific instructions that "the Gattuso Group shall prepare its liquidation report . . . and implement the decision of my Interim Award." Arbitrator's Sisters' Fund Final Award, 6/27/18, at 3.

Further, although the Appellants argue otherwise,[7] the fact that the Gattuso Report was produced after the issuance of the Arbitrator's final award is immaterial. Because the Gattuso Group was not ordered by the Arbitrator to produce the liquidation report until the issuance of his final award on June 27, 2018, it would have been impossible for the Gattuso Report to be created before then. As such, it was reasonable for the trial court to include the Gattuso Report, upon its completion, in the November 28, 2018 order.

Consistent with the foregoing, the trial court interpreted the Arbitrator's June 27, 2018 final award to require that the Gattuso Report be included as part of the Arbitrator's final award. Such interpretation was reasonable and

---

[7] "The Gattuso Report was not only not a part of the Final Arbitration Award, it was not even generated until forty-nine (49) days after the Final Arbitration Award." Appellants' Brief at 14.

did not constitute an abuse of discretion. *Hall*, 628 A.2d at 956. The trial court's reasonable interpretation, in combination with Appellants' failure to challenge the award in a timely matter, leads us to conclude that no relief is due. Accordingly, we affirm the trial court's November 28, 2018 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/2019