665 A.2d 510

**Debra PATTON, Appellant**

v.

**J.C. PENNEY INSURANCE COMPANY and Hanover Insurance Company.**

Superior Court of Pennsylvania.

Submitted Aug. 7, 1995.

Filed Sept. 29, 1995.

Sheldon A. Goodstadt, Philadelphia, for appellant.

Michael E. Greenberg, Philadelphia, for J.C. Penney Insurance Co.

Eugene Feeney, Plymouth Meeting, for Hanover Insurance Co.

Before ROWLEY, President Judge, and CIRILLO and HOFFMAN, JJ.

CIRILLO, Judge:

Debra Patton appeals the judgment entered in the Court of Common Pleas of Philadelphia County, confirming an arbitrator's award in favor of J.C. Penney Insurance Company ("J.C. Penney"), and vacating an arbitrator's award in favor of Hanover Insurance Company ("Hanover"). We affirm.

This appeal arises out of a motor vehicle accident which occurred on or about January 24, 1990. Debra Patton was crossing the intersection of Broad Street and Allegheny Avenue in the City of Philadelphia, on foot, when two uninsured motorists collided, and one of them struck her. That same car then hit a third uninsured vehicle. The second uninsured vehicle, in turn, struck a vehicle operated by a J.C. Penney insured driver, and a vehicle operated by a Hanover insured.

At the time of this accident, Patton did not own a car, nor was she a named insured on any motor vehicle policy. Moreover, Patton did not reside in a household with a relative who

was a named insured and, therefore, had no insurance policy from which she could obtain uninsured motorist benefits.

Patton made a claim for uninsured motorist benefits with Hanover and J.C. Penney.[1] The policies issued by Hanover and J.C. Penney provided for arbitration for an uninsured motorist claim which could not be amicably settled. The policies also provided that any arbitration "shall be conducted in accordance with the provisions of the Pennsylvania Uniform Arbitration Act." The parties in the instant case could not amicably settle, yet Hanover and J.C. Penney refused to submit the matter to arbitration.

On February 25, 1991, Patton filed a petition to compel the appointment of an arbitrator against J.C. Penney and Hanover. By an order dated December 16, 1992, the petition was granted and Hanover and J.C. Penney were required to name arbitrators and to submit to arbitration.

The two arbitrations were consequently consolidated, with a single hearing before all of the arbitrators and one meeting for the purpose of deliberations. All parties named their arbitrators and selected a neutral arbitrator as well. Arnold Lovitz, Esquire, was named by J.C. Penney; Daniel Ryan, Esquire served on behalf of Hanover. Edwin J. Smith, Esquire, was the arbitrator named by Patton, and Thomas Rutter, Esquire, was the designated neutral arbitrator in this matter.

At the March 19, 1994 arbitration hearing, where all four arbitrators were present, J.C. Penney received an award in its favor. J.C. Penney's arbitrator, Arnold Lovitz, was present at both the hearing and the conference stages of the proceeding. However, because of a mix-up in the mailing of notices, Daniel J. Ryan, not Daniel Ryan, Jr., appeared at the hearing as arbitrator for Hanover. Moreover, Daniel Ryan Jr., Hanover's original arbitrator, was the person who later signed the

1. Patton may recover under the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1713(a)(4), which provides that "a person who suffers injury arising out of the maintenance or use of a motor vehicle shall recover first party benefits against applicable insurance coverage ... [f]or a person who is not the occupant of a motor vehicle, the policy on any motor vehicle involved in the accident." *Id.*

arbitration award in favor of Hanover at the post-hearing conference on April 29, 1994.

On June 30, 1994, Patton filed a timely petition to vacate the arbitration awards, pursuant to 42 Pa.C.S.A. § 7313. By an order dated November 9, 1994, the award in favor of Hanover was vacated in response to the misconduct suggested by the Daniel Ryan discrepancy. Conversely, the award in favor of J.C. Penney was confirmed. Patton now timely appeals to this court. On appeal, Patton raises one issue for our review:

(1) Did the trial court err when it concluded that the arbitration award in favor of J.C. Penney Insurance Company should not be vacated on the basis of misconduct in its formulation?

In determining whether the trial court exceeded its scope of authority in this arbitration matter, this court will reverse the trial court's decision only for an abuse of discretion or error of law. *Hall v. Nationwide Mut. Ins. Co.*, 427 Pa.Super. 449, 453–54, 629 A.2d 954, 956 (1993). When an agreement to arbitrate is unclear as to whether common law or statutory arbitration rules shall govern, then common law rules regulate its enforcement and the award unless, subsequent to the agreement, the parties agree expressly or by implication that statutory arbitration rules shall govern. *Brennan v. General Acc. Fire and Life Assur. Corp.*, 524 Pa. 542, 548, 574 A.2d 580, 583 (1990); *see also Elkins & Co. v. Suplee*, 371 Pa.Super. 570, 538 A.2d 883 (1988). Because the insurance policies in the instant case provided that the arbitrations shall be conducted in accordance with the Uniform Arbitration Act ("UAA"), the statutory rules govern the instant arbitrations, awards, and appeals arising therefrom.

The UAA permits broad judicial review of its arbitration awards. *Wingate Constr. Co. v. Schweizer Dipple, Inc.*, 419 Pa. 74, 77, 213 A.2d 275, 277 (1965). Sections 7301 through 7320 of Chapter 73 of the Judicial Code regulate statutory arbitration. The trial court utilized the standard set forth in 42 Pa.C.S.A. § 7314 to determine whether the J.C. Penney

award should have been vacated. The relevant passage states:

(1) On application of a party, the court shall vacate an [arbitration] award where:

(ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;

(iii) the arbitrators exceeded their powers;

(iv) the arbitrators refused to postpone the hearing upon good cause being shown ... as to prejudice substantially the rights of a party.

42 Pa.C.S.A. § 7314(a)(1)(ii), (iii) and (iv).

Under the broader review of a statutory arbitration award, a court may also vacate an arbitration award upon a showing that "fraud, misconduct, corruption or other irregularity caused the rendition of any unjust inequitable, or unconscionable award." *Hall v. Amica Mutual Ins. Co.,* 538 Pa. 337, 342, 648 A.2d 755, 757 (1994). *See also Runewicz v. Keystone Ins. Co.,* 476 Pa. 456, 383 A.2d 189 (1978) (referring to 42 Pa.C.S.A. § 7314).

■ Patton first contends that the trial court erred in confirming the arbitration award in favor of J.C. Penney based on the court's conclusion that there was no corruption or misconduct which existed on the part of the J.C. Penney arbitrator. Patton grounds her argument in the fact that the arbitrator for J.C. Penney participated in the entire arbitration process with the Hanover arbitrator. Patton contends that the misconduct concerning the Hanover arbitrator tainted the J.C. Penney award and that this award should also have been vacated. We disagree.

In the instant case, the same J.C. Penney arbitrator was present both at the arbitration hearing and at the signing of the award in favor of J.C. Penney. While the award in favor of Hanover was properly vacated due to misconduct, it does not necessarily mean that the award in favor of J.C. Penney was tainted by the Hanover misconduct. In fact, in certain

circumstances, "courts have affirmed one portion of an arbitration award while setting aside the rest." *Mellon v. Travelers Ins. Co.,* 267 Pa.Super. 191, 198, 406 A.2d 759, 762 (1979), *citing Swift Industries, Inc. v. Botany Industries, Inc.,* 325 F.Supp. 577, (W.D.Pa.1971) *aff'd,* 466 F.2d 1125 (3d Cir.1972). The Pennsylvania Superior Court has adopted the Third Circuit Court of Appeals' rule establishing that part of an arbitration award may be affirmed as long at it is separable from and is not dependent upon the rest of the award. *Mellon, supra.* Patton does not claim any fraudulent, or partial conduct on the part of the J.C. Penney arbitrator in rendering the award. J.C. Penney had its own arbitrator, and neither of the Messrs. Ryan who were involved in the misconduct in the Hanover claim had any standing or participation in the J.C. Penney claim. Because both the J.C. Penny and Hanover claims and awards were separate, Hanover's misconduct does not affect the arbitration decision of the J.C. Penny claim. Patton's failure to present any evidence to support a reversal of the award in favor of J.C. Penney mandates that the trial court's decision be affirmed.

▮ Patton next contends that the J.C. Penney award should be vacated because the arbitrators' conduct severely prejudiced her rights when they failed to postpone the hearing after the Hanover misconduct was revealed. Section 7314, requires that the misconduct alleged on the part of the arbitrators prejudices a party's rights. 42 Pa.C.S.A. § 7314. In the instant case, the only misconduct that Patton can allege is that she was denied an opportunity to address the same panel which comprised the deliberative process which led to the awards. Although this may be the case with the Hanover claim, this opportunity was not denied to Patton with regard to the J.C. Penney claim. Patton had the opportunity to address the J.C. Penney arbitrator who decided the claim and who signed the award. Patton, therefore, cannot point to any facts which support this contention of prejudice in the J.C. Penney awards. *Hall, supra.*

In conclusion, we find that the trial court properly denied Patton's petition to vacate the J.C. Penney arbitration award.

Patton has failed to present any evidence which would suggest misconduct, fraudulent behavior, or partiality on the part of the J.C. Penney arbitrator. The mere fact that the Hanover claim and the J.C. Penney claim were conducted simultaneously is insufficient to reverse the trial court's decision to confirm the J.C. Penney award. We find, therefore, that the trial court did not err in this respect.

Order affirmed.