**MGA INSURANCE COMPANY,**
Appellant,

v.

**Rudolph BAKOS.**

Superior Court of Pennsylvania.

Argued Oct. 22, 1997.
Filed July 23, 1997.

Norman W. Briggs, Philadelphia, for appellant.

Daniel J. DiGiacomo, Philadelphia, for appellee.

Before CIRILLO, President Judge Emeritus, and SAYLOR and HOFFMAN, JJ.

HOFFMAN, Judge.

This is an appeal from a judgment entered July 24, 1996, in favor of appellee Rudolph Bakos. Appellant, MGA Insurance Company, presents the following issues for our review:

I. Whether the lower court erred when it refused to vacate the arbitrators' award [of $70,000.00 for appellee] even though it was clear that the arbitrators did not view the videotape testimony of the appellant and appellee's medical experts at the arbitration hearing.

II. Whether the lower court erred when it held that the arbitrators reviewed the transcripts of the medical experts, even though there was no evidence that they did, and in fact, it was impossible for the arbitrators to read the entire transcripts of both expert witnesses, given the time from when counsel for the parties left the room, until the time the decision was communicated to counsel for the appellant.

III. Assuming the arbitrators did review the transcripts of the medical experts prior to reaching their decision, whether the lower court erred by failing to rule that the arbitrators' disregard of the medical experts' videotape testimony was a denial of due process.

IV. Whether the lower court erred in rendering its decision without permitting the parties to conduct any discovery on disputed issues of fact under Rule 206.7 (formerly Rule 209).

V. Whether the lower court erred when it also ordered that appellant had to pay $5,500 in attorneys' fees, even though the appellee did not present any evidence of bad faith on the part of appellant.

Appellant's Brief at 3.[1]

On February 15, 1993, appellee was involved in an automobile accident while driving a truck owned by Rick's Auto Sales, Inc., and insured by appellant. Appellee's truck was hit by a vehicle driven by Tomika Page and owned by Kelly Bolton as a result of the accident, appellant complained of injuries to his lower back and pain radiating down his legs. Appellee subsequently filed suit against Page and Bolton, whose vehicle was insured for a maximum amount of $15,000.00 per occurrence. Appellee settled his suit against Page and Bolton for the $15,000.00 policy limit and thereafter made a claim to appellant for underinsured motorist benefits.

While appellee's underinsured motorist claim was pending, appellant discovered that appellee had been involved in two prior automobile accidents and a work-related forklift accident after which he complained of injuries similar to those allegedly suffered in the accident underlying his pending claim. On November 21, 1995, appellant and appellee participated in an arbitration pursuant to the Uniform Arbitration Act[2] solely on the issue of damages. On that same day, the arbitration panel rendered an award of $70,000.00 in favor of appellee. On December 21, 1995, appellant filed a petition to vacate and/or modify the arbitration award in the Court of Common Pleas, Philadelphia County, alleging error in the arbitration process. On January 31, 1995, the trial court denied appellant's petition and directed appellant to pay appellee's $5,500.00 attorney fees. This timely appeal followed.

■ Initially, we note that when reviewing a trial court's ruling on a petition to vacate or modify an arbitration award, this Court will only reverse for an abuse of discretion or error of law. *Patton v. J.C. Penney Ins. Co.,* 445 Pa.Super. 317, 321, 665 A.2d 510, 512 (1995).

Appellant's first three issues challenge the trial court's conclusion that the arbitrators conducted a fair hearing. Specifically, appellant claims that the award was rendered

---

**1.** We have renumbered appellant's issues for our review.

**2.** 42 Pa.C.S. § 7301 *et seq.*

within a time frame which was too short for the arbitrators to have reviewed the transcripts and/or videotape depositions of two medical expert witnesses, which the parties submitted at the end of the arbitration hearing.[3]

The insurance policy underlying this dispute provided for arbitration "in accordance with the Pennsylvania Uniform Arbitration Act" ("PUAA"). *See* Petition to Vacate and/or Modify Arbitration Award, 12/21/95, Exhibit A. Accordingly, the rules of statutory arbitration under the PUAA of 1980 govern the proceedings, awards, and appeals arising therefrom.[4] *Patton, supra; Cotterman v. Allstate Ins. Co.*, 446 Pa.Super. 202, 207, 666 A.2d 695, 697 (1995).

The standard of review of an arbitration governed by the 1980 Act is embodied in section 7314 of the act, which provides in pertinent part:

(1) On application of a party, the court shall vacate an award where:

(i) the court would vacate the award under section 7341 (relating to common law arbitration)[5] if this subchapter were not applicable;

(ii) there was evident partiality by an arbitrator ...

(iii) the arbitrators exceeded their powers;

(iv) the arbitrators refused to postpone the hearing upon good cause being shown therefor or *refused to hear evidence material to the controversy or otherwise so conducted the hearing*, contrary to the provisions of section 7307 (relating to hearing before arbitrators)[6], *as to prejudice substantially the rights of a party* [.]

\* \* \*

42 Pa.C.S. § 7314(a)(emphasis and footnotes supplied); *Cotterman, supra.* Thus, a broader standard of review applies to a statutory arbitration as compared to a common law arbitration. *See Patton, supra* at 321–22, 665 A.2d at 512.

■ Here, the trial court, without conducting a hearing or discovery, reviewed the November 21, 1995 arbitration award under common law principles.[7] As the arbitration at issue is governed by the rules of statutory arbitration, the trial court erred as a matter of law in reviewing the award by employing the more narrow standard of review applicable to a common law arbitration. Accordingly, we vacate the judgment of the trial court and remand this case for a review of the arbitration award pursuant to the principles of statutory arbitration.

■ Appellant's fourth issue on appeal asserts that the trial court erred in rendering a

---

3. The parties agree that the videotape depositions the medical experts, Dr. Ronald Greene and Dr. Parvis Kambin, were each approximately seventy-two minutes in length. *See* Appellant's Petition to Vacate and/or Modify the Arbitration Award, 12/21/95, at 6; Appellee's Response to Petition to Vacate and/or Modify the Arbitration Award, 1/22/95, at 5. Appellant claims that the arbitration panel rendered an award approximately fifty minutes after counsel for the parties left the depositions with the panel and, thus, the panel refused to consider the depositions before reaching its decision.

4. While the policy's language does not specify whether the PUAA of 1927 or of 1980 applies, *Cotterman, infra,* informs us that the PUAA of 1927 only applies in two cases: (1) where the agreement to arbitrate is made prior to December 4, 1980, and (2) where the agreement to arbitrate, made either before or after 1980, expressly provides for arbitration under the 1927 Act. Here, as the policy containing the agreement to arbitrate had an effective date of February 10,

1993, and as the policy's language did not specify that the 1927 Act applies, the provisions of the 1980 Act govern this controversy.

5. Under common law arbitration, an arbitration award "is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S. § 7341.

6. Section 7307 provides, *inter alia*, that parties and their attorneys have "the right to be heard, to present evidence material to the controversy and to cross-examine witnesses appearing at the hearing." 42 Pa.C.S. § 7307(a)(4).

7. In its opinion dated 4/17/97, the trial court cited section 7341 (common law arbitration), *supra*, and concluded that the arbitration panel had the "discretion to conduct the hearing as they deem[ed] appropriate." Trial Court Opinion, 4/17/97, at v.

decision on its petition[8] to vacate and/or modify the award without permitting the parties to conduct discovery pursuant to Pennsylvania Rule of Civil Procedure 206.7, formerly Rule 209.[9] Specifically, appellant complains that the trial court erred in rendering its decision nine days after appellee filed his answer and without allowing for discovery.

Rule 206.7 provides, in pertinent part:

(b) If an answer is filed raising no disputed issues of material fact, the court on request of the petitioner shall decide the petition on the petition and answer.

(c) If an answer is filed raising disputed issues of material fact, the petitioner may take depositions on those issues, or such other discovery as the court allows, within the time set forth in the order of the court. If the petitioner does not do so, the petition shall be decided on petition and answer and all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of this subdivision.

Pa. R.C.P. 206.7. Because no determination has yet been made in the trial court as to whether disputed issues of material fact exist relevant to the *statutory* arbitration issue raised by appellant, we will not make such a determination in this appeal. However, we direct the trial court to conduct the proceedings on remand in accordance with Rule 206.7.

█ Lastly, appellant claims that the trial court erred in awarding appellee attorney fees, as appellee did not present evidence that appellant acted in bad faith.

█ In Pennsylvania, there is no common law remedy for bad faith on the part of an insurer, but there is a statutory remedy which provides:

In an action arising under an insurance policy, if the court finds that the insurer

has acted in bad faith toward the insured, the court may take all of the following actions:

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2) Award punitive damages against the insurer.

(3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S. § 8371; *Terletsky v. Prudential Property and Casualty Ins. Co.,* 437 Pa.Super. 108, 124, 649 A.2d 680, 688 (1994). Our legislature has not defined the term "bad faith" within this statute, but this Court has recognized that "bad faith" has a particular meaning in the insurance context:

Insurance. "Bad faith" on [the] part of [an] insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Terletsky, supra* at 124–125, 649 A.2d at 688 (quoting Black's Law Dictionary 139 (6th ed.1990)); *Romano v. Nationwide Mut. Fire Ins. Co.,* 435 Pa.Super. 545, 553, 646 A.2d 1228, 1232 (1994). A recovery for bad faith requires clear and convincing evidence of bad faith, rather than mere insinuation, and a showing by the insured that the insurer did not have a reasonable basis for denying benefits under the policy and that the insurer knew of or recklessly disregarded its lack of a reasonable basis in denying the claim. *Terletsky* at 125, 649 A.2d at 688. Moreover, when evaluating bad faith under section 8371, a trial court may look to (1) other cases

---

8. Under Pennsylvania's statutory arbitration scheme, applications to a court for vacation or modification must be made by petition, which is heard in the manner prescribed by law for the making and hearing of petitions in civil matters. 42 Pa.C.S. § 7317; *Haegele v. Pennsylvania Gen'l. Ins. Co.,* 330 Pa.Super. 481, 488, 479 A.2d 1005, 1008 (1984).

9. Rules 206.1 through 206.7, relating to petitions and answers, were adopted on September 8, 1995, to replace Rules 206 through 209 effective January 1, 1996. Therefore, as appellee's answer to appellant's petition was filed on January January 22, 1996, Rule 206.7 governs discovery in this case.

construing the statute and the law of bad faith in general, (2) the plain meaning of the terms in the statute, and/or (3) other statutes addressing the same or similar subjects. *Romano* at 555, 646 A.2d at 1233.

Here, in his Response to Petition to Vacate and/or Modify Arbitration Award, appellee answered the allegations in appellant's Petition and merely requested that the trial court "affirm the Arbitration Award of $70,000 with interest and attorney fees." Appellee's Response did not allege that appellant had no reasonable basis for denying benefits under the policy[10] or that appellant knowingly or recklessly disregarded its lack of a reasonable basis for such denial. Moreover, the trial court granted appellee $5,500.00 in attorney fees because it "found that the filings were entirely inappropriate and frivolous," Trial Court Opinion, 4/18/97, at v, with no explanation for the basis of this finding. Accordingly, as the certified record does not support a finding that appellant acted in bad faith by appealing the award of the arbitration panel, we find that the trial court erred in awarding attorney fees to appellee.

Based on the foregoing, we vacate the judgment of the trial court and remand this case for a review of the arbitration award under the principles of statutory arbitration.

Judgment vacated. Remanded.

Jurisdiction relinquished.

---

**10.** In fact, appellee admits that "the medical testimony of the doctors was important to this matter as was [appellee's] testimony in comparing his injuries and treatment for his 1985 and 1987 accident and his testimony that he had recovered from those accidents two years before February 15, 1993 and was functioning normally." *See* Appellee's Response to Petition to Vacate and/or Modify Arbitration Award, 1/22/96 at 4.