J-A10016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| STREAMLINE SOLUTIONS, LLC, STREAMLINE CONSTRUCTION MANAGEMENT, LLC, STREAMLINE GROUP, LLC, US CAPITAL INVESTMENTS 7, LLC, LION CONSTRUCTION, LLC, AND MICHAEL STILLWELL | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | No. 1912 EDA 2023 |
| v. | : : : : | |
| STUART GREEN AND MICHAEL TRUMBO | : : | |

Appeal from the Order Entered June 20, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  230400946

BEFORE:   PANELLA, P.J.E., BECK, J., and COLINS, J.[*]

MEMORANDUM BY BECK, J.:                    **FILED AUGUST 30, 2024**

Five corporate entities—Streamline Solutions, LLC; Streamline Construction Management, LLC; Streamline Group, LLC; US Capital Investments 7, LLC ("Seller"); and Lion Construction, LLC ("General Contractor") (collectively, the "Streamline Entities")—and Michael Stillwell ("Stillwell," and together with the Streamline Entities, "Appellants") appeal from the order confirming the arbitration award against Appellants in favor of Stuart Green and Michael Trumbo (together, "Buyers").  Appellants challenge the legal standard used by the trial court to deny its petition to vacate or

_____

[*] Retired Senior Judge assigned to the Superior Court.

modify the award (the "Petition"), the trial court's confirmation of the award against Stillwell despite the lack of an agreement to arbitrate, and the trial court's confirmation of the award despite the Buyers' release of claims against Appellants. Upon review, we affirm.

On October 15, 2018, Buyers entered into an agreement of sale ("Agreement") with Seller to purchase a townhouse on Darian Street in Philadelphia ("the Home"). The Home was one of six newly constructed townhouses in a development on an urban lot subdivided into six parcels. The Home "had been marketed, developed, constructed, warrantied, and sold by various entities owned by … Stillwell and marketed under the 'Streamline' brand." Trial Court Opinion, 10/10/2023, at 2. Only Seller and Buyers were listed as parties to the Agreement, with Steve Kosloski[1] signing the Agreement on behalf of the Seller. Stillwell, who was an owner and vice president of Seller, as well as partial owner of Streamline Solutions, LLC, Streamline Construction Management, LLC, and General Contractor, was listed in the Agreement as Seller's real estate broker/agent.[2]

_____

[1] Although his title or capacity is not listed in the Agreement, Stillwell testified at the arbitration that Steve Kosloski was one of the Seller's vice presidents. Buyers' Answer to Petition, 5/5/2023, at Exhibit W (N.T., 12/12/2022, at 230).

[2] The Agreement stated that Buyers were purchasing the property "as is" and that Seller disclaimed various warranties and representations other than a limited one-year warranty provided by Seller. Petition, 4/6/2022, at Exhibit B (Agreement at 4). Additionally, tacked on to the end of the Agreement was another reference to the "as is" sale and a broadly worded release, wherein Buyers agreed to release a multitude of claims against "Seller, all brokers,
*(Footnote Continued Next Page)*

The Agreement contained the following arbitration clause:

11. ARBITRATION: Buyer[s], on behalf of Buyer[s] and all residents of the [Home], including minor children, hereby agree that any and all disputes with Seller, Seller's parent company or their partners, subsidiaries, or affiliates arising out of the [Home], this Agreement, the Home Warranty, any other agreements, communications or dealings involving Buyer[s], or the construction or condition of the Premises including, but not limited to, disputes concerning breach of contract, express and implied warranties, personal injuries and/or illness, mold-related claims, representations and/or omissions by Seller, on-site and off-site conditions and all other torts and statutory causes of action ("Claims"), shall be resolved by binding arbitration.

(a) All disputes arising out of the Home Warranty or any other express warranties shall be resolved by binding arbitration in accordance with the rules and procedures set forth in the Home Warranty.

(b) All other Claims, regardless of the amount in dispute, shall be resolved by binding arbitration by the American Arbitration Association ("AAA") and in accordance with its Expedited Procedures of the Commercial Arbitration Rules, which Rules can be viewed at www.adr.org. If AAA is unable to arbitrate a particular claim, then that claim shall be resolved by binding arbitration by AAA's successor or an equivalent organization mutually agreed upon by the Parties.

(c) The provisions of this paragraph shall be governed by the provisions of the Federal Arbitration Act, 9 U.S.C. §§1, et seq. and shall survive settlement.

(d) In addition, Buyer[s agree] that Buyer[s] may not initiate any arbitration proceeding for any Claim unless and until Buyer[s] first [provide] a copy of the Demand for Arbitration stating specific written notice of each claim (sent to Streamline Solutions, LLC, 2301 Washington Ave., Suite 111, Philadelphia, PA 19146 Attn.:

_____

their licensees, employees, and any officer or partner of any one of them and any other person, firm or corporation who may be liable by or through them."
*Id.* (Agreement at 20).

Legal Department via certified mail only) and gives Seller a reasonable opportunity after receipt to cure any default.

Petition, 4/6/2022, at Exhibit B (Agreement at 6).

After the Home developed leaks, Buyers initiated arbitration proceedings on May 17, 2022. Buyers brought claims against Appellants[3] averring that the entities operated as alter egos of the others, which warranted piercing their corporate veils. *See* Petition, 4/6/2022, at Exhibit A (Statement of Claims, 5/17/2022, at 2 n.1, 6-9). Buyers asserted the following causes of action against Appellants:

(1) fraud, fraudulent inducement, negligent misrepresentation and/or intentional misrepresentation; (2) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law [("UTPCPL"), 73 P.S. §§ 201-1–201-9.3;] (3) bad faith; (4) negligence, (5) negligence per se; (6) breach of express warranty; (7) breach of implied warranties, (8) breach of contract, (9) and breach of contract under third-party beneficiary theories.

*Id.* (Statement of Claims, 5/17/2022, at 10). Buyers contended that the claims arose from "defective construction of the Home" and "unfair and deceptive trade practices" that occurred before and after the sale regarding "the advertisement, marketing, sale, and construction of the Home" and the "ongoing failure to properly repair" and/or "refusal" to repair "the interior and exterior of the home." Statement of Claims, 5/17/2022, at 3.

---

[3] The statement of claims also named other entities and an individual. The arbitrator dismissed Sean Frankel, Frankel Property Management, Darien Partners, LLC, and 1305 Kater LLC from the arbitration proceedings prior to the award. The arbitrator expressly determined that no relief was due from the other entities named by the Buyers: Streamline, LLC; Lion Construction Management, LLC; Coulbee, LLC; and Streamline Philly Construction, LLC.

Appellants filed a submission in response to the statement of claims ("Answering Statement") with a variety of arguments, including, pertinently, that only Seller and General Contractor, and not any of the other "improperly joined parties," had any involvement with the sale and construction of the home. Answer to Petition to Vacate, 5/5/2023, at Exhibit AA (Answering Statement at 2). To the extent any documents referred to other "Streamline-related entities," Appellants sought dismissal of "claims against entities other than [Seller]" because they were "agents for a disclosed principal" and not separately liable. *Id.* (Answering Statement at 3-4) (citing ***Bash v. Bell Telephone Co.***, 601 A.2d 825 (Pa. Super. 1992) (holding that an agent for a disclosed principal is not personally liable unless agent agreed to liability in the principal's contract)).

Appellants filed a separate motion to dismiss claims related to a certain wall on the property, contending that the AAA lacked jurisdiction to adjudicate claims involving a certain common "party wall." Answer to Petition to Vacate, 5/5/2023, at Exhibit J (Motion to Dismiss at 1). Notably, Appellants acknowledged that AAA arbitration was otherwise "the proper forum for a determination of the various construction related claims asserted by the [Buyers]." *Id.* (Motion to Dismiss at 5).

A single arbitrator presided over the four-day arbitration hearing in December 2022. On January 27, 2023, the arbitrator entered a partial award in favor of the Buyers, which included certain actual damages related to

remediation and repair of the Home and treble damages pursuant to the UTPCPL. The arbitrator assessed Buyers' attorneys' fees against Appellants, indicating that it would issue a final award after receiving submissions from the parties regarding the amount of the fees.

Appellants filed a motion for modification of the award pursuant to Rule 50 of the AAA Commercial Arbitration Rules, insisting that Stillwell's inclusion within the liable parties must have been a "typographical or clerical error resulting from the sheer multitude of parties to the case" because there was no evidence that Stillwell communicated with the Buyers or that he perpetrated a fraud. Motion to Modify, 2/14/2023, ¶ 5. They requested that the arbitrator correct the award to omit Stillwell as a liable party. *Id.*, ¶¶ 4-6. The arbitrator denied the motion to modify, explaining that it intended to include Stillwell. The arbitrator further found the argument that there was no factual or legal basis to hold Stillwell liable in his individual capacity was simply an invitation to redetermine the merits of the dispute, which Rule 50 expressly prohibited. Arbitration Order, 3/8/2023, at 2.

The arbitrator entered a final award in the Buyers' favor on March 8, 2023 ("the Award"). The Award provided that the Buyers could recover $503,146.25 from Appellants, jointly and severally, which included actual and treble damages from the partial award and the Buyers' attorneys' fees. The arbitrator denied all remaining claims.

Appellants filed a petition to vacate the Award in the Philadelphia County Court of Common Pleas ("trial court"), requesting that the trial court vacate and/or modify the Award pursuant to 42 Pa.C.S. § 7314(a)(1)(v) because there was no agreement to arbitrate between Buyers and Stillwell.[4] Alternatively, Appellants argued that the arbitrator did not rationally derive the Award from the Agreement because Buyers released all claims outside of the limited one-year warranty. Buyers filed an answer. On June 20, 2023, the trial court entered an order denying the petition and confirming the Award.

Appellants filed a timely notice of appeal. The trial court and Appellants complied with Pa.R.A.P. 1925.

Appellants ask this Court to resolve the following questions:

A. Did the trial court err and/or abuse its discretion by applying the more restrictive standard of review applicable to common law arbitration awards instead of the broader standard of review of applicable to statutory arbitration awards under 42 Pa.C.S. § 7314?

B. Did the trial court err and/or abuse its discretion when it denied the petition to vacate and confirmed the Award against [Stillwell] because no agreement to arbitrate exists or existed by and between [Stillwell and the Buyers] and [Stillwell] cannot be compelled to arbitrate under any applicable theory of contract or agency law?

_____

[4] In the petition to vacate, Appellants also contended that there was no agreement to arbitrate between Buyers and five of the corporate entities (Streamline Solutions, LLC, Streamline Construction Management, LLC, Streamline Group, LLC, and General Contractor). However, in its appellate brief, Appellants have abandoned the argument as to these five corporate entities because the brief references only Stillwell. *See* Appellants' Brief at 6, 15-16, 23-39.

C. Did the trial court err and/or abuse its discretion when it denied the petition to vacate and confirmed the arbitration award against Appellants because the award is not rationally derived from the [Agreement] and the arbitrator exceeded its powers for the following reasons: (1) Buyers' statement of claims did not assert any claims against [Stillwell] and the Arbitrator, therefore, did not have the power to enter an award against [Stillwell]; and (2) the Award cannot be reconciled with the agreement of sale's clear and unambiguous terms, which preclude Buyers' claims?

Appellants' Brief at 6-7 (unnecessary capitalization omitted).

When reviewing a trial court's ruling on a petition to vacate or modify an arbitration award, we will reverse only for an abuse of discretion or error of law. **PennEnergy Res., LLC v. Winfield Res., LLC**, 301 A.3d 439, 452 n.17 (Pa. Super. 2023).

In the first issue, Appellants argue that the trial court committed reversible error by applying the standard of review applicable to common law arbitrations instead of the standard of review applicable to statutory arbitrations. Appellants' Brief at 16-21. Based upon this error, Appellants assert that this Court must remand for the trial court to decide its petition to vacate under the proper standard of review. **Id.** (citing **MGA Ins. Co. v. Bakos**, 699 A.2d 751, 753 (Pa. Super. 1997) (determining that, in an arbitration governed by the rules of statutory arbitration, the "trial court erred as a matter of law … by employing the more narrow standard of review applicable to a common law arbitration" and remanding for the trial court to review the award pursuant to the correct standard)).

As noted above, Seller and Buyers expressly agreed in the Agreement that the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-402, governed arbitration. Without some other basis for federal jurisdiction, "parties to an arbitration agreement created under the FAA are required to submit an appeal from an arbitration award to state trial courts in the first instance." *Trombetta v. Raymond James Fin. Servs., Inc.*, 907 A.2d 550, 563 (Pa. Super. 2006). If a party enforces an arbitration agreement that provides for the FAA's governance in state court, state law procedure, including the standard of review, applies. *See Moscatiello v. Hilliard*, 939 A.2d 325, 328 (Pa. 2007).

In Pennsylvania, a trial court's standard for reviewing an arbitration award varies depending upon whether the arbitration is classified as common law, 42 Pa.C.S. §§ 7341-42, or statutory under the Uniform Arbitration Act ("UAA"), 42 Pa.C.S. §§ 7301-7320. In general, an agreement to arbitrate a controversy entered into prior to July 1, 2019,[5] is "conclusively presumed" to be an agreement to arbitrate as a common law arbitration. 42 Pa.C.S. § 7302(a). If the arbitration agreement expressly provides in writing for

---

[5] The General Assembly passed the Revised Statutory Arbitration Act ("RSAA"), 42 Pa.C.S. §§ 7321.1-.31, which phases out common law arbitration in this Commonwealth in favor of the provisions in RSAA. *See Foster v. Nuffer*, 286 A.3d 279, 284 n. 3 (Pa. Super. 2022). The RSAA applies to all arbitration agreements made on or after July 1, 2019. 42 Pa.C.S. § 7321.4(a). The UAA continues to govern agreements that predate July 1, 2019, such as the Agreement in the instant case, unless the parties expressly agree otherwise. *See id.* § 7321.4(b)(1)-(2).

arbitration pursuant to the UAA's statutory arbitration provisions "or any other similar statute," such as the FAA, the UAA's provisions apply. *Id.*; *Moscatiello*, 939 A.2d at 328.

Section 7314 of the UAA sets forth the trial court's standard of review of a statutory arbitration award, which provides, in pertinent part, that a trial court "shall vacate an award" upon application of a party where:

> (i) the court would vacate the award under section 7341 (relating to common law arbitration) if this subchapter were not applicable;
>
> (ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;
>
> (iii) the arbitrators exceeded their powers;
>
> (iv) the arbitrators refused to postpone the hearing upon good cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7307 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party; or
>
> (v) there was no agreement to arbitrate and the issue of the existence of an agreement to arbitrate was not adversely determined in proceedings under section 7304 (relating to court proceedings to compel or stay arbitration) and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing.

42 Pa.C.S. § 7314(a)(1). The grounds upon which a trial court may vacate an award in a statutory arbitration are "exclusive" to those listed in section 7314. *Schwarz v. Wells Fargo Advisors, LLC*, 58 A.3d 1270, 1274 (Pa. Super. 2012).

- 10 -

Section 7341, on the other hand, provides that a common law arbitration award is "binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S. § 7341. As compared to section 7341, the trial court's standard of review under section 7314 is broad. *MGA Ins. Co.*, 699 A.2d at 753. Nevertheless, there is overlap between the grounds for vacatur in common law arbitrations and statutory arbitrations. *See Martin v. PMA Grp.*, 617 A.2d 361, 363 (Pa. Super. 1992).

Because the Agreement specified that the arbitration fell under a statute similar to the UAA, the arbitration was statutory, requiring application of the standard of review set forth in section 7314. *See Moscatiello*, 939 A.2d at 328. In its Pa.R.A.P. 1925(a) opinion, however, the trial court set forth the more limited standard for vacating a common law arbitration award, citing to section 7341 and a common law arbitration case in support. *See* Trial Court Opinion, 10/10/2023, at 3 (citing 42 Pa.C.S. § 7341; *Roccograndi v. Martin*, 214 A.3d 251, 256 (Pa. Super. 2019)). Significantly, however, the trial court also recognized two additional grounds to vacate an arbitration award: if the arbitrator exceeded his power or if there was no agreement to arbitrate. *Id.* As noted above, these are two of the grounds applicable to statutory

- 11 -

arbitrations and are also the grounds for reversal raised by Appellants.[6] **See** 42 Pa.C.S. § 7314(a)(1)(iii), (v); **see also** Appellants' Brief at 22-43.

Although the trial court did not explicitly reference subsections 7314(a)(1)(iii) and (v), it did consider the Petition under the grounds relied upon by Appellants. **See** Trial Court Opinion, 10/10/2023, at 3. Thus, unlike in **MGA Ins. Co.**, where the standard of review applied by the trial court could have impacted the outcome of the case,[7] remand is unnecessary under the circumstances of this case. The sole grounds raised by Appellants not only apply to reviews of a common law arbitration award and a statutory arbitration award, but were expressly considered by the trial court. **See Civan**, 180 A.3d at 493; 42 Pa.C.S. § 7314(a)(1)(iii), (v). Thus, no relief is due on the first issue.

_____

[6] These two grounds are referenced in **Civan v. Windmere Farms, Inc.**, wherein this Court held that, notwithstanding the limited judicial standard of review applicable to common law arbitrations set forth in section 7341, the trial court may vacate an arbitration award if the arbitrator exceeded its power by rendering an award against a person or entity who was not subject to a valid agreement to arbitrate. **Civan v. Windmere Farms, Inc.**, 180 A.3d 489, 493 (Pa. Super. 2018).

[7] In **MGA Ins. Co.**, a party contested the arbitrator's apparent failure to review video recordings and transcripts of medical expert witnesses before rendering its award. **See MGA Ins. Co.**, 699 A.2d at 752-53. The arbitrators had more procedural discretion under section 7341 than they did under section 7314, which requires vacatur if the arbitrations refuse to hear all material evidence. **Compare** 42 Pa.C.S. § 7341 **with** 42 Pa.C.S. § 7314(a)(1)(iv).

Appellants next argue that the trial court erred and/or abused its discretion by declining to vacate the arbitration award against Stillwell pursuant to section 7314(a)(1)(v) because no agreement to arbitrate between Stillwell and the Buyers existed. *See* Appellants' Brief at 22-39. As a non-signatory to the Agreement, Appellants argue that Stillwell cannot be bound to arbitrate except through the following traditional principles of contract and agency law: incorporation by reference; assumption; agency; piercing the corporate veil; acting as an alter ego; or estoppel. *Id.* at 22-29. In particular, Appellants insist that the Buyers did not include within their statement of claims a claim that Stillwell was bound by a veil piercing/alter ego theory, let alone prove such a claim with evidence. *Id.* at 27-29. As "part-time owner and officer" of Seller, Stillwell is not Seller's parent company, partner, subsidiary, or affiliate, which are the only entities besides Seller that are encapsulated by the Agreement's arbitration clause. *Id.* at 29-33. Furthermore, Appellants contend, Stillwell did not consent to arbitration and preserved his objection in his pre-hearing submissions and during the hearing. *Id.* at 37-38.

According to the trial court, however, Appellants never properly raised before the arbitrator the issue of whether the Agreement bound Stillwell to arbitrate Buyers' dispute. Trial Court Opinion, 10/10/2023, at 4. From the trial court's perspective, Stillwell waived this objection by submitting to arbitration, staying silent throughout the proceedings, and raising an objection only after the arbitrator issued the Award against him. *Id.* at 4-5.

- 13 -

The law is clear that if a party disputes whether a valid agreement binds it to arbitrate the matter in a statutory arbitration case, the party must raise the issue (1) in advance of the arbitration in a motion to compel or to stay arbitration pursuant to section 7304 or (2) after arbitration in a petition to vacate pursuant to section 7314(a)(1)(v). **See Patton v. Hanover Ins. Co.,** 612 A.2d 517, 519 (Pa. Super. 1992). Pursuant to the UAA, the party may only wait until after arbitration to contest the applicability of the arbitration agreement in a statutory arbitration if the trial court did not already adversely decide the matter upon a section 7304 motion and if the petitioner "raised the issue of the existence of an agreement to arbitrate at the hearing." 42 Pa.C.S. § 7314(a)(1)(v). Requiring a party to first raise the issue of a valid arbitration agreement before the arbitrator "comports with our well-established rule that questions not raised before a lower tribunal are deemed waived." **W. Shore Educ. Ass'n v. W. Shore Sch. Dist.**, 456 A.2d 715, 717 (Pa. Cmwlth. 1983). Raising the issue preserves it for the trial court's review and, ultimately, our review. **See Patton**, 612 A.2d at 519; **see also State Farm Mut. Auto. Ins. Co. v. Dill**, 108 A.3d 882, 886 (Pa. Super. 2015) (en banc) (holding that appellate waiver rules requiring a "timely and specific objection at the appropriate stage of the proceedings" before the lower tribunals "apply to arbitration hearings with the same force as they do to any other adversarial proceeding").

Here, Stillwell could have filed a section 7304 motion with the trial court seeking to stay the arbitration based upon his contention that the Agreement's

arbitration clause did not apply to him. He did not. Instead, he participated in the arbitration by obtaining joint counsel with the Streamline Entities, appearing at each hearing, and testifying as a witness.

Moreover, although Stillwell argues that he "raised the issue of the existence of an agreement to arbitrate at the hearing," the record indicates otherwise. Rule 7 of the AAA's commercial rules requires that "a party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection." Answer to Petition to Vacate, 5/5/2022, at Exhibit K (AAA Commercial Arbitration Rules). Nowhere in Stillwell's Answering Statement is a specific objection to the jurisdiction of the arbitrator to adjudicate the claims against Stillwell or even to the arbitrability of the claims in general. Instead, the answering statement focused upon factual and legal assertions concerning **liability**: that Stillwell and the named entities other than Seller and General Contractor had no involvement with the sale and construction of the home; that any award to Buyers should not include fees spent on "uninvolved parties"; and that to the "extent other Streamline-related entities are identified in the records including the warranty portal," claims against all "entities other than [Seller]" should be dismissed because they were "agents for a disclosed principal" that had not agreed to assume separate liability and were not "responsible for construction defects or warranty claims." Answer to Petition to Vacate, 5/5/2023, at Exhibit AA

(Answering Statement at 2-4). Stillwell raised no objection based upon jurisdiction or arbitrability.

Appellants also direct our attention to their counsel's closing arguments to the arbitrator. There, however, counsel simply reiterated the arguments set forth in the Answering Statement (that Stillwell "never had any interaction with any of the claimants, no e-mails, no conversations"; that "he didn't sign anything personally"; and that he only signed the deed as part of the sale) and that because of this non-involvement, Stillwell had "no personal **liability**." Petition, 5/5/2022, at Exhibit D (N.T., 12/14/2022, at 86) (emphasis added). Even assuming arguendo that raising the issue in a closing argument **after** the close of evidence could be considered a timely objection, an assertion that Stillwell did not have personal liability does not amount to a specific objection to the arbitrator's power to decide the issue. To the contrary, it indicates that Appellants desired for the arbitrator to adjudicate the question of Stillwell's liability. It was only once the arbitrator ruled adversely to Stillwell that Appellants contested the applicability of the arbitration clause to Stillwell. This does not comport with the statutory obligation to raise "the issue of the existence of an agreement to arbitrate at the hearing." 42 Pa.C.S. § 7314(a)(1)(v). Having forgone the opportunity to challenge the arbitration clause at the appropriate times, Appellants failed to preserve their objection that the Agreement did not bind Stillwell to arbitrate the claims against him. *See id*; *Patton*, 612 A.2d 517, 519. Accordingly, by virtue of the statutory language, the trial court did not err by denying the Petition as to Stillwell.

In their next claim of error, Appellants argue that the trial court erred by not vacating the Award against Stillwell pursuant to section 7314(a)(1)(iii) because the arbitrator exceeded its powers under the Agreement. Appellants' Brief at 39-43. Appellants argue that the trial court should have vacated the Award because it was not "rationally derived" from and does not draw its "essence" from the Agreement because the Buyers did not state any claims against Stillwell in his individual capacity in their statement of claims. *Id.* at 40-43.

This argument is wholly belied by the record. Stillwell's contention that Buyers did not include him in their statement of claims ignores that Buyers defined references to "Streamline Entities" or "Respondents" to include Stillwell, and so Stillwell is named throughout Buyers' statement of claims, as well as in the caption of the statement of claims. *See* Petition, 4/6/2022, at Exhibit A (Statement of Claims, at 1). No relief is due on this claim.

In their final issue, Appellants again attack the confirmation of the Award pursuant to section 7314(a)(1)(iii), this time claiming that the arbitrator exceeded his powers under the Agreement by ignoring clauses indicating that Buyers purchased the property "as is" and that Buyers released claims against Appellants beyond the Agreement's limited one-year warranty. *See* Appellants' Brief at 42-48. Appellants argue that the arbitrator cannot ignore the clear and unambiguous language of the contract to fashion new remedies for the parties. *Id.* at 48. They also claim that any damages to

Buyers under "tort or statutory theories are barred by the gist of the action and economic loss doctrines." *Id.* at 48-49.

These arguments do not present a claim pursuant to section 7314(a)(1)(iii). Instead, Appellants complain that the arbitrator erred in its interpretation of the Agreement and failed to properly apply contract law "disguised" as a claim that the arbitrator exceeded its power. *See Toll Naval Assocs. v. Chun-Fang Hsu*, 85 A.3d 521, 529 (Pa. Super. 2014). Dissatisfied with the arbitrator's interpretation of the release provisions and as-is sale clauses in the Agreement, Appellants attempt to shoehorn their claim into an argument concerning the arbitrator's "power." Section 7314's list of grounds upon which a court can vacate a statutory arbitration award, however, does not include vacating an award based upon a claimed misapplication of the law. *Martin v. PMA Grp*., 617 A.2d 361, 362–63 (Pa. Super. 1992). As this Court has recognized, section 7314(a)(2) "expressly states that 'the fact that the relief awarded by the arbitrators was such that it could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award.'" *Id.* "Errors of law and fact, and the unavailability of appellate review of such errors, are the risks of arbitration." *Toll Naval Assocs.*, 85 A.3d at 529.

Having reviewed each claim presented by Appellants, we conclude that the trial court did not abuse its discretion or err as a matter of law in confirming the Award for the reasons stated. As such, we affirm the trial court's order confirming the arbitration award in Buyers' favor.

Order affirmed.

Judge Colins did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/30/2024